WILLIAM NOYES *v.* WHITE RIVER TURNPIKE COMPANY.

WASHINGTON, July, 1839.

A declaration against a turnpike corporation for damages sustained for the insufficiency of the road, alleging the damages to have been sustained by reason of the road being "out of repair, and the badness thereof," is supported by evidence showing the road insufficient, though it was insufficient in its original construction.

Where a turnpike corporation, in pursuance of its charter, makes some slight alteration in the road, the new part becomes incorporated with, and a component part of, the old road, and so far as the liability of the corporation is concerned, may be described as one road.

It is not necessary to set forth in the declaration the precise point in the road where the injury happened, or the manner in which the road was out of repair, but, if necessary, the objections would be cured by verdict.

THIS was an action of trespass on the case for damages occasioned to plaintiff's horses, wagon and harness, through the insufficiency of the defendants' road in Royalton.

The plaintiff, in his declaration, averred that the defendants laid out, constructed and opened their road in October, 1803, agreeably to their charter, and that the injury happened "by reason of the road being out of repair, and the badness thereof."

Plea, general issue. Issue joined to the country.

Upon the trial in the county court, the plaintiff read in evidence the act of incorporation, from which it appeared that the defendants had power to make alterations in the road, from time to time, as might be found necessary.

The plaintiff proved, by oral evidence, that for more than twenty years last past, the defendants had, in fact, a road in the place specified in their grant, across which, during all that time, they had kept gates and taken toll of those who passed them, and that the plaintiff's servant paid toll for passing with plaintiff's team at the time the injury, complained of, happened.

The plaintiff further introduced testimony tending to show that his servant, with his team of six horses, was passing along the defendants' road in the town of Royalton, on the 2d day of May, 1837, with a-loaded wagon; that in the first of the evening he came to a place where the road curved to the right, it being on the declivity of a steep hill, the bank, on the right, descending some thirty feet below the

road, and almost perpendicular ; that the road, in the travelled part, was not above twelve feet in width ; that the portion towards the edge of the bank was built very loosely, so that, while the plaintiff's four forward horses were drawing along in the centre of the usually travelled path, the off wheels of his wagon run out of the rut and, the edge of the road crumbling off, the load and team were thrown over the bank, killing one of his horses and injuring the harness and wagon considerably ; that there was no barrier or railing to pro tect travellers' teams from passing off the bank ; and that, for that reason, the road was insufficient and unsafe, and that his servant was guilty of no neglect or want of common care and skill in driving the team.

It further appeared in evidence, that the portion of the road upon which the injury happened, had, within the last four or five years, been built by the defendants in a different place from where it had formerly been travelled, in order to pass round a hill with less ascent, and that this new road was made by throwing in brush and logs and covering them with dirt, and was so loose and unsubstantial as not to support a loaded carriage, if the wheels passed out of the rut, and was, therefore, insufficient and unsafe in its original construction.

The defendant introduced testimony tending to show that the road, where the injury happened, was fourteen feet in width, and was in as good a state of repair as when it was originally built ; that the night was very dark and the plaintiff's servant was wholly unacquainted with the road, and did not drive with ordinary care and skill, by reason of which the injury occurred. The defendant insisted that the plaintiff could not recover from the evidence given. The court charged the jury, in substance, that, to entitle the plaintiff to recover, he must show, first, that the road, at the point where the injury occurred, was insufficient for the ordinary safety and security of the traveller ; that it was the duty of the defendants to construct their road as wide as the charter required, unless some impediment rendered that impracticable or unreasonable, and in that case it ought, perhaps, to be expected that they would so guard it as to make it as safe as if it had been constructed of the required width. Whether the road, at the point now in question, required a barrier or rail-

WASHINGTON,
Jaly,
1839.

Noyes
v.
Turnpike Co,

ing for the security of travellers or not, whether it was or was not, properly constructed, in other respects, were questions solely submitted to their determination, except so far as the charter specified the character of the road, which had been explained. If the road was, at the time the injury occurred, insufficient for the ordinary safety of travellers, it was not material whether the defect consisted in the original construction or in the subsequent want of repair.

That the plaintiff must further show that his loss happened in consequence of such defect or insufficiency of the road, and that his servant was not, at the time, guilty of any want of ordinary care and skill, either as to the time and manner of driving, by which the injury was, in any part, caused or incurred. In regard to the time of night and darkness, the court suggested to the jury that a man might as well drive in the night as the day time, but he must do this at his own peril. If he drove as cautiously and safely as a man of common prudence could be expected to drive in the day time, the defendants could not complain, and if he drove recklessly and imprudently it was no excuse that the night was dark and he unacquainted with the road. The plaintiff had a right to expect that defendants' road would be so constructed as to be ordinarily safe, and the defendants had a right to require that the plaintiff should not drive across it in an imprudent and careless manner. If the injury was, in any degree, attributable to the want of common care and prudence in plaintiff's servant, in the manner above explained, the plaintiff could not recover.

The jury returned a verdict in favor of the plaintiff.

The defendant moved in arrest of judgment, for the in sufficiency of the declaration.

1. Because the particular place, in the town of Royalton, where the road was out of repair and where the injury happened, was not mentioned.

2. Because the plaintiff had not alleged in what particular manner the road was out of repair, or what the defect was which occasioned the injury.

The county court overruled the motion.

The defendant excepted to the charge of the court, and to their decision overruling the motion in arrest.

*Wm. Upham and L. B. Peck,* for the defendant.

It is insisted by the defendants that there was a fatal variance between the declaration and the proof introduced to sustain it.

1. The declaration alleges that the injury was occasioned by the *want of repairs* upon the road. The proof was, that it was occasioned by a *defective construction* of the road, and not by want of repairs after it was constructed.

2. It is alleged in the declaration that the defendants, in October, 1803, constructed and opened their road, and that the injury complained of happened upon the road, thus con-structed and opened, in consequence of *want of repairs* up' on it. The proof was, that the injury did not happen upon the road constructed and opened in 1803, but upon a new piece of road, constructed and opened three or four years since, for the purpose of avoiding a hill on the old road.

The court, though requested, refused to charge the jury that the variances relied upon by the defendants were fatal to the plaintiff's action, and in this, we conceive, there was error. *Fitzsimons* v. *Inglis,* 5 Taunt. R. 534, report-ed in 1 Com. Law R. 181. 3 Starkie's Ev. 1584-5.— *Hullman* v. *Bennett,* 5 Esp. Cases, 226. Arch. Pleadings, 118.

The court below erred in overruling the defendant's mo-tion in arrest of judgment. Arch. Pl. 116–17. Stark. Crim. Pl. 169–70.

*N. Kinsman and P. Dillingham,* for plaintiff.

The charge of the court cannot be complained of by the defendants. The attention of the jury was called to every proposition connected with the case.

The question, whether the road was out of repair, was sub-mitted with instructions that if it *was not* out of repair their verdict must be for the defendants.

This charge of the court gave the defendants the full ben-efit of the doctrine of the cases of *Noyes* v. *Morristown,* 1 Vt. R. 353 ; *Lester* v. *Pittsford,* 7 Vt. R. 158 ; *Hunt and wife* v. *Pownal,* 9 Vt. R. 411.

With regard to the motion in arrest, we say that this dec-laration was drawn expressly to avoid the objections raised on a motion in arrest, in the case of *Richardsons* v. *Royal-*

*ton & Woodstock Turnpike Co.* 6 Vt. R. 496. The court, in that case, said, "as to the motion in arrest, it is apparent that the most the defendants can make of it, is, that the plaintiff's case is that of a right or title defectively alleged, which is always aided by verdict."

In this case we believe that every necessary allegation is made, but if not, sufficient is stated to sustain the judgment.

The opinion of the court was delivered by

BENNETT, J.—The declaration alleges that the injury happened "by reason of the road being out of repair, and the badness thereof," and it is urged, in argument, that the evidence showing that the road, in its original construction, was insufficient and unsafe, constitutes a variance, though such insufficiency continued down to the time of the injury complained of. Though the law in regard to variances, is, in many instances, very nice, yet, we think this objection without foundation. Notwithstanding the expression, "being out of repair," may, as has been argued, imply that the road was once sufficient, still, the allegation in the declaration, in effect, is, that the injury accrued by reason of the badness of the road; and whether such badness is the result of an original insufficiency or from a want of repairs, from time to time, can make no difference. If the road was insufficient at the time of the injury, the declaration is substantially proved, notwithstanding it should appear that the road had always been in that condition.

It is also said, that the declaration alleges the injury to have occurred on a road laid out in 1803, and that the proof shows that, some four or five years since, the defendants made a slight alteration in the road to avoid a certain hill, and that the injury occurred on this part of the road. We think this is no ground of variance. By the statute of incorporation the defendants are authorized to make alterations in the road, from time to time, as shall be found necessary; and when they shall make slight alterations in the old road, the new becomes incorporated with, and a component part of, the old road, and, so far as their liability is concerned, can constitute but one road.

It is said the declaration is insufficient, because it does not state the particular place, in Royalton, where the injury

happened, nor the manner in which the road was out of repair.

No reason is shown or perceived why this should be necessary, but, if necessary, it would be cured by verdict.

The judgment of the court below is affirmed.