Carey vs. The Chicago & Northwestern R. Co.

CAREY, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*December 16, 1886 — January 11, 1887.*

*Negligence: Pleading: Definiteness and certainty.*

In an action by a brakeman for injuries sustained by reason of the breaking of a ladder on a freight car, an allegation of the complaint that such ladder " was so negligently and improperly constructed, and had become so old, loose, worn, and out of repair that when said plaintiff, in ascending the same, took hold of one of the steps or rungs thereof, the same immediately gave way, came off, and was wholly detached from the car." — is *held* to show with sufficient definiteness and certainty in what respect the ladder was negligently and improperly constructed.

APPEAL from the Circuit Court for *Sauk* County.

The facts are stated in the opinion.

For the appellant there was a brief by *Jenkins, Winkler, Fish & Smith,* and oral argument by *Mr. Winkler.* They cited *Horn v. Ludington,* 28 Wis. 82; *M., H. & O. R. Co. v. Marcott,* 41 Mich. 435; *Madden v. M. & St. L. R. Co.* 30 Minn. 453; *C., B. & Q. R. Co. v. Harwood,* 90 Ill. 426; *O. & M. R. Co. v. Collarn,* 73 Ind. 261; *Cahill v. Layton,* 57 Wis. 615.

*G. Stevens,* for the respondent, to the point that the defect being in defendant's own car, under its control, the plaintiff is not required to state the defects with as much particularity as if the facts lay presumptively in his own knowledge, cited Stephen on Pleading (Tyler's 3d Am. ed.), 328; *St. John v. Northrup,* 23 Barb. 26; *Richards v. Edick,* 17 id. 270; *Ayres v. C. & N. W. R. Co.* 58 Wis. 537; *Richardson v. C. & N. W. R. Co.* id. 534.

LYON, J. The plaintiff, being employed by the defendant company as a brakeman on one of its trains of cars, while ascending a ladder placed for that purpose on the

outside of a freight car, and being in the line of his duty and in the exercise of due care, the ladder broke, and he fell to the ground and was seriously injured. He brought this action to recover damages for such injuries, alleging in his complaint, in addition to the facts above stated, that such ladder " was so negligently and improperly constructed, and had become so old, loose, worn, and out of repair, that when said plaintiff, in ascending the same, took hold of one of the steps or rungs thereof, the same immediately gave way, came off, and was wholly detached from said car, thereby causing said plaintiff to fall with great force and violence to the ground." All other facts essential to the plaintiff's right of action are also alleged in the complaint.

The defendant moved that the plaintiff be required to make his complaint more definite and certain in several particulars, one of which was that he be required to allege with more definiteness and certainty " how and in what respect the steps or ladder of the car in said complaint mentioned was negligently or improperly constructed." The court refused to require the complaint to be made more definite and certain in the last-mentioned particular, and from the order in that behalf the defendant appeals to this court.

The learned circuit court judge was of the opinion that the complaint is already sufficiently definite and certain in the particular indicated. We are of the same opinion. When the defendant was informed that the ladder was so negligently and improperly constructed, and was so old, loose, worn, and out of repair, that when the plaintiff took hold of one of the steps thereof the whole structure became detached from the car, it had sufficient information on the subject to enable its counsel to make intelligent preparation for trial. The high degree of certainty which the motion calls for is not an essential of good pleading under our code of procedure. It is sufficient if the pleading fairly advises

the opposite party of the facts constituting the cause of action or the defense. This complaint, we think, reasonably does so.

Furthermore, the plaintiff states in his complaint that until he was injured he was ignorant that the car was defective and unsafe; but that the defendant knew the fact, or would have known it had it exercised reasonable diligence. Taking the complaint as true, the defendant was better advised than the plaintiff of the faulty construction of the ladder, and needed no information thereof from the plaintiff. Again, aside from the averments of the complaint, the defendant had as good, probably better, means than the plaintiff to ascertain wherein the ladder was defectively constructed.

*By the Court.*— The order of the circuit court is affirmed.