## W. H. PRESTON, ADMR. v. ST. J. &. L. C. Rd. CO.

*Joinder of Counts.    General allegation of negligence suffi-
cient.    Defective allegation in count may be
rejected as surplusage.*

1. A count for the defendant's neglect, whereby the intestate suffered damages in his lifetime, may be joined with a count for the defendant's neglect resulting in the death of the intestate and brought for the benefit of the next of kin under the statute.

2. The action being for negligence of the defendant in furnishing its servant with unsuitable cars, a general allegation that the cars were improperly loaded, is sufficient without specifying the particulars.

3. And if the count contains such general allegations in proper form, and also allegations specifying the particulars, which are defective, the latter not being repugnant to the former, the count is not thereby rendered bad, for the special allegations may be stricken out as surplusage.

This was an action on the case for the negligence of the defendant whereby the death of the plaintiff's intestate was occasioned. Heard at the December term, 1890, Caledonia county, Tyler, J., presiding, upon the defendant's demurrer to the plaintiff's declaration. The demurrer was overruled and the defendant excepted.

The first count in the declaration was as follows :

"In a plea of the case for that heretofore to wit, on the 19th day or October, 1889, and for a long time before, to wit, at Concord in Essex county, to wit, at St. Johnsbury aforesaid, the defendant was and had been the owner and operator of a certain railroad, engines and cars by it used and employed in transporting passengers and freight from Lunenburg in said Essex county to said St. Johnsbury, and that there on said 19th day of October said Charles C. Blood was and for a long time before had been in the employ of the defendant, hired by it as a brakeman to assist in the governing and managing one of its said trains as such brakeman and thereby in the transportation of

said passengers and freight, and that by virtue and in course of said employment of said Blood then and there said Blood was obliged to and did stand upon and walk over the tops of said cars while the same were in motion to perform his said duties, and by virtue of the said employment of said Blood by defendant it then and there became and was the duty of said defendant to furnish cars for said Blood to stand upon and walk over as aforesaid, that were well and safely constructed and of proper and safe material for his use as aforesaid with proper care on his part; yet the defendant, disregarding said duty, then and there carelessly and wrongfully furnished said Blood, to stand upon and walk over as aforesaid, a car which had not been before used by or known to said Blood and which was so insufficiently, carelessly and negligently constructed and of such unfit material that it greatly endangered the life of said Blood who was obliged then and there to use it as aforesaid; all which was then and there unknown to said Blood but well known to defendant.

And the plaintiff avers that then and there, while said Blood was in the careful and prudent use of said car on his part in standing upon and walking over the top thereof in the performance of his said duty as aforesaid, said car, by reason of said faulty and negligent construction and unfit material, gave way while in motion under the weight of said Blood and threw him with a great quantity of the lumber with which said car was loaded upon the ground in the midst of and underneath said lumber, whereby he was greatly bruised, maimed, cut, shaken and his bones broken and his whole system injured internally insomuch that he then and there became and was very sick and weak and so remained for a long space of time, to wit one month, during which time he suffered great pain and anguish and was prevented from carrying on his lawful and necessary affairs and was forced and obliged to expend and did expend a great sum of money, to wit, five hundred dollars in endeavoring to cure the injuries received as aforesaid, and thereafterwards, to wit, on the 19th day of November, 1889, at St. Johnsbury aforesaid, died of his said wounds and injuries. To the damage of the plaintiff five thousand dollars."

The second count was like the first, save that in the introduction it alleged that the defendant was operating a certain "other railroad", and in the conclusion, that the intestate left a wife and children for whose benefit under the statute the suit was brought.

The remaining six counts set forth the defendant's negligence in general terms, and in addition undertook to point out specifically the respects in which that negligence consisted.

The defendant demurred specially for that in the first and second counts the paticulars in which the alleged negligence consisted were not attempted to be pointed out at all, and in the remaining counts were only alleged argumentatively.

*S. C. Shurtleff,* for the defendant.

A party can have but one action for one injury, and in that must recover entire damages. *Bardwell* v. *Jamaica,* 15 Vt. 438; *Whitney* v. *Clarendon,* 18 Vt. 252; *Fulsome* v. *Concord,* 46 Vt. 135; *Insurance Co.* v. *Brame,* 95 U. S. 754; The Harrisburg, 119 U. S. 199; *State* v. *Maine Central Rd. Co.,* 60 Me. 490; see *Dibble* v. *New York and Erie Rd. Co.,* 25 Barb. 183; *Littlewood* v. *the Mayor, Aldermen, etc, of the city of New York,* 89 N. Y. 24; *McCarty* v. *Railroad Co.,* 18 Kan. 46; A. L. Reg. for Sept. 1889, 528.

There is a misjoinder of counts. The plaintiff does not sue in the same capacity. *Walker* v. *Sawyer,* 13 N. H. 191; *Willard* v. *Stevens,* 24 N. H. 276.

The declaration should point out the specific neglect with which the defendant is charged. Gould's Pl. p. 39 s. 2; *Wright* v. *Bourdon,* 50 Vt. 494; *Kennedy* v. *Morgan,* 57 Vt. 46; Chitty's Pl. p. 382.

*W. P. Stafford* and *Ide & Quimby,* for the plaintiff.

The general allegation of negligence is sufficient. *Lyman* v. *Central Vt. Rd.,* 59 Vt. 187; *Noyes* v. *Smith & Lee,* 28 Vt. 59; *Ware* v. *Gay,* 11 Pick 106; *Feital* v. *Middlesex Rd. Co.,* 109 Mass. 398.

If the defendant needs specifications to prepare its defence the court can order them. *Davis* v. *Guarnieri,* 4 Am. St. Rep. 555.

There may be two causes of action when death results.

*Needham* v. *G. T. Rd. Co.*, 38 Vt. 294 ; *Wescott* v. *Rd. Co.*, 61 Vt. 438 ; *Carey* v. *Berkshire Rd. Co.*, 48 Am. Dec. 638 ; *Louisville Rd. Co.* v. *Goodykoontz*, 12 Am. St. Rep. 377 ; *Daley* v. *Boston & Albany Rd. Co.*, 147 Mass. 101 ; *Barley* v. *Rd. Co.*, 4 Bissel 430.

An administrator may join causes of action accruing in his individual and representative capacity. *Haskell* v. *Bowen*, 44 Vt. 579 ; *Smith* v. *Solomon*, 91 Am. Dec. 711.

TAFT, J. delivered the opinion of the Court.

The question of a misjoinder of counts was ruled against the defendant in *Ranney, Admr.* v. *St. J. & L. C. R. Co.* heard at this term *ante*, p. 277.

It is claimed that the several counts are defective. The phraseology of the allegation of the breach of the defendant's duty differs in some respects in the different counts, but there is a substantial allegation in each one, either that the defendant furnished the plaintiff with cars insufficiently, carelessly and negligently constructed, and of unfit material, or, with cars unsafe or unfit for the plaintiff to use, or, with cars insufficiently and carelessly constructed and arranged, or, with loads insufficiently and improperly secured.

The defendant insists that the defects in the cars, and in what respect the cars were unsafe and unfit to use, and in what manner the cars were carelessly constructed and the loads improperly secured, should be specified and pointed out in the declaration, to enable it to prepare its evidence to meet the plaintiff's case. Upon that point, the character and material of the construction of the cars, and the manner in which they were loaded, is all that is brought in issue by the declaration, and all that the plaintiff can offer evidence upon, and all that the defendant is called upon to meet; we perceive no difficulty in the way of preparation by the defendant of its defence. It is fully informed of the claim that its negligence consisted in carelessly

constructing its cars of unsafe and unfit material, or furnishing such a car, and furnishing improperly loaded cars. The defendant is in possession, and ought to know of the construction, and material of which its cars are constructed. Its means of knowledge are much better than those of the plaintiff.

In actions on the case for negligence, the cause of action should be fully and specifically disclosed for the information of the defendant; but a general statement of the cause of action is all that is required, if the statement is sufficient to put the defendant on his defence, and fully and fairly informs him of the plaintiff's claim.

It is said that in stating the injury it is frequently sufficient to describe it generally, without setting out the particulars of the defendant's misconduct. Thus, in an action for persuading the plaintiff's wife to leave him, it is sufficient to state that the defendant unlawfully persuaded and enticed the wife to continue absent, etc, without setting forth the means of persuasion used by the defendant. So in actions for diverting water from a stream, or disturbing a right of common way, etc., it is sufficient to allege a diversion or disturbance generally, without showing the particular means employed. 1 Ch. Pl. 391. In an action for breach of warranty of soundness of a horse, it is sufficient to assign the breach in the negative terms of the warranty, without alleging wherein the unsoundness consisted. *Wheeler* v. *Wheelock*, 33 Vt. 144. In actions for damages caused by the insufficiency and want of repair of a highway, we think the practice in framing declarations has always been to allege the breach by negativing the words of the statute, without setting forth the particular defects in the highway, and it was said by Bennett J., in *Noyes* v. *Turnpike Co.*, 11 Vt. 531, that no reason was shown, nor perceived, why this latter allegation should be necessary.

In the respect indicated the counts are sufficient, and a good cause of action is set forth in each. In some of the counts it is alleged in what respect the cars were insufficient, and carelessly

W. H. Preston, *Admr. v.* St. J. & L. C. Rd. Co.

loaded, etc., and these allegations are criticized by defendant's counsel as defective ; but as the counts in their other allegations set forth a good cause of action irrespective of these claimed defective allegations, and the allegations in the counts are not repugnant, the counts are not bad. The allegations specifying the defects can be stricken out and still leave a good cause of action set forth. The specific defects being alleged, the plaintiff may be confined in the evidence to proof of what is alleged, but that does not render the counts demurrable. The counts are sufficient and well joined.

*Judgment affirmed and cause remanded.*