, LYNCH v. SPARTAN MILLS.

1. APPEAL.—An order requiring a plaintiff to amend his complaint so as to state what acts were negligent, what wilful, &c., is appealable.

2. PLEADINGS—AMENDMENT—COMPLAINT.—It is error to require a complaint amended so as to state what acts are alleged as negligent, what as careless, what as wilful, wanton and reckless, and by stating what acts caused the machinery to break, what was done in failing to furnish suitable appliances, and in what particulars the machinery and appliances became unsound.

Before TOWNSEND, J., Spartanburg, June, 1902.    Modified.

Action by J. H. Lynch against Spartan Mills.    From an order requiring. plaintiff to amend his complaint, he appeals.

*Messrs. Evans & Finley,* for appellant, cite: 22 Stat., 693; 61 S. C., 170; 63 S. C., 363; 64 S. C., 495.

*Mr. C. P. Sanders,* contra, cites: Code..Proc., 11; 42 S. C., 547; 52 S. C., 587.

April 8, 1903.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    *Statement of facts.*—The plaintiff appeals from that part of an order requiring him to make his complaint definite and certain in the particulars therein mentioned.    The first paragraph of the complaint alleges the corporate existence of the defendant.    The other paragraphs of the complaint are as follows:

"2. That on the 31st day of July, A. D. 1901, plaintiff was employed by defendant company as a picker, in its said factory.    His duty was to run the picker machine, keep it in clean condition, and sweep the floor around it and see that it was kept running.    That while plaintiff was so engaged in the line of his. duty, cleaning one of the pickers on said day, the defendant carelessly, wantonly, wilfully and negligently,

and in utter disregard of the rights of plaintiff, caused its belt, which connects the wheel of the picker upon which the plaintiff was working with the shafting overhead, to break and the buckle joining the same to come unfastened, thereby causing said belt to jump from the pulleys and to catch right arm of plaintiff, with which he was cleaning his machine, drawing said arm onto the wheel and tearing and lacerating the flesh, breaking the bones therein, and horribly mangling and bruising the entire arm, also wounding his right shoulder and head, causing the plaintiff intense bodily suffering and great mental anguish, permanently injuring the right arm of plaintiff and rendering the same useless for life, to his great damage in the sum of $20,000.

"3. That defendant company wilfully, wantonly, recklessly, negligently and in utter disregard of the rights of plaintiff, failed to furnish a sound and suitable belt and buckle joining the same to run the said picker machine and connect the same in a safe manner with the overhead shafting, and failed to notify or warn plaintiff of the extra hazard by reason thereof, and through its said failure and negligence and from no fault of plaintiff, said belt and machinery, through its defects, came apart, and without warning to plaintiff, and while he was in discharge of his duty, caught his arm, drawing it violently onto the wheel and under the belt, breaking the bones therein and horribly tearing and lacerating the flesh thereon and rendering the same useless to plaintiff for life, and further bruising and wounding the shoulder and body of plaintiff, causing him intense bodily suffering and great mental anguish, to his great damage in the sum of $20,000.

"4. That defendant company wilfully, wantonly, recklessly and negligently, and in utter disregard of the rights of plaintiff, failed to inspect the machinery and appliances connecting the machine, where plaintiff was at work in the discharge of his duty with the overhead shafting, and by reason thereof the said machinery and appliances became unsound and unsafe and unfit for the purposes for which they are

used, thereby causing the injury to plaintiff heretofore described, to his great damage in the sum of $20,000."

The defendant served the following notice of motion:

"I. Please take notice, that on the complaint herein we will move before his Honor, Judge D. A. Townsend, at Union, S. C., Thursday, 17th April, 1902, at 10 o'clock a. m., or as soon thereafter as counsel can be heard, for an order requiring you to make the complaint herein more definite and certain, by alleging and stating definitely and certainly in the second paragraph of the complaint what acts of the defendant were careless, what were wanton, what were wilful, and what was done in utter disregard of the rights of the plaintiff, and what act or acts caused its belt to break and the buckle joining the same to become unfastened.

"II. By alleging in the third paragraph of the complaint what acts of the company were wilful, what were wanton, what were reckless, what were negligent, and what was done in utter disregard of the rights of the plaintiff, so as to fail to furnish a sound and suitable belt and buckles joining the same, and in what particulars said belt and buckles were unsound.

"III. By alleging definitely and certainly in the fourth paragraph of the complaint what acts of the defendant were wilful, what acts were wanton, what acts were reckless, and what acts were negligent, and in what manner it failed to inspect the machinery and appliances connecting the machine where the plaintiff was at work.

"IV. By stating definitely and certainly and in what particular the machinery and appliances became unsound, and unfit, and unsafe for the purposes for which they were used.

"V. And to extend the time within which to answer."

His Honor, the Circuit Judge, granted the following order:

"The motion is granted as to the first and fourth particulars.

"As to the second, it is granted as to what acts of the defendant were wilful, wanton or reckless, and as to what

acts were negligent, and as to the particulars in which, etc., belt and buckle were unsound.

"The motion is refused as to the third particular, for the reason that only one act of the defendant is alleged in the fourth paragraph of the complaint, to wit: the failure to inspect the machinery and appliances. It is true, that this one act is alleged to have been wilful, wanton and reckless, and also negligent, but there is no motion, or rather no notice of a motion, to strike out any part of said paragraph.

"Time to answer is extended until the expiration of twenty days after the day of service of the amended complaint herein."

The plaintiff appealed upon exceptions assigning error in the following particulars:

"I. In granting the motion of the defendant as to the first and fourth particulars, thereby holding that the complaint did not state with sufficient distinctness and certainty in the second paragraph of the complaint what act or acts of the defendant were careless, what were wanton, and what was wilful, and what was done in utter disregard of the rights of the plaintiff, and what act or acts caused its belt to break and the buckle to become unfastened.

"II. His Honor also erred in holding that the complaint should have stated more definitely and certainly in what particular the machinery and appliances became unsound, unfit and unsafe for the purpose for which they were used, as these facts are stated with sufficient definiteness and certainty in paragraphs three and four of said complaint.

"III. That his Honor erred in granting the motion of the defendant in the second particular, thereby requiring plaintiff to state separately what acts of the defendant were wilful, what were wanton or reckless and what were negligent, and as to the particulars in which the belt and buckle were unsound, as the complaint as a whole alleges with sufficient definiteness and certainty all of the foregoing facts, and further particulars would be a matter of proof rather than pleading."

*Opinion.*—When the case was called for hearing in this Court, the defendant interposed the preliminary objection that the order was not appealable. We will first dispose of that question. The act of 1898, p. 693, is as follows:

"Section 1. That in all actions *ex delicto,* in which vindictive, punitive or examplary damages are claimed in the complaint, it shall be proper for the party to recover also his actual damages sustained, and no party shall be required to make any separate statement in the complaint in such action, nor shall any party be required to elect whether he will go to trial for actual or other damages, but shall be entitled to submit his whole case to the jury under the instruction of the Court. Section 2. That in all cases where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to the injury for which such suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit his whole case to the jury under the instruction of the Court and recover such damages as he has sustained, whether such damages arose from one or another of such acts or wrongs alleged in the complaint." In *Procter* v. *Ry. Co.,* 64 S. C., 491, it was held that this statute permits the jumbling together in one statement of all acts of negligence and other wrongs. Under section 11 of the Code of Procedure, the plaintiff had the right to appeal from said order if it involved the merits. In the case of *Blakeley & Copeland* v. *Frazier,* 11 S. C., 122, the Court uses this language: "The term 'merits' is not very clearly defined. It certainly embraces more than the questions of law and fact constituting the cause of action or defense. As it regards the principles of construction, the necessary means of attaining an end stand upon the same ground of privilege as the end itself. If, then, a party is entitled to an appeal as a means of securing a proper judgment, he is presumably entitled to such appeal in order to secure that without which the judgment could not

be rightfully had. The word 'merits' naturally bears the sense of including all that the party may claim of right in reference to his case * * * It may be concluded from the foregoing that whenever a substantial right of the party to an action material to obtaining a judgment in such action is denied, a right of appeal lies to this Court." The order deprived the plaintiff of the right to jumble in one statement all acts of negligence or other wrongs; and its practical effect was to compel the plaintiff to formulate his allegations so as to set out two or more causes of action. It was, therefore, appealable.

We will next consider the question raised by the other exceptions. In Pom. Code Remedies it is said: "The fundamental' and most important principle of the reformed pleading, the one from which all the others are deduced as necessary corollaries, is the following: the material facts which constitute the ground of relief should be averred as they actually existed or took place, and not the legal effect or aspects of those facts, *and not the mere evidence or probative matters by which their existence is established"* (italics ours). Section 526 of the same work shows that "those important and substantial facts should be alleged which either immediately form the basis of the primary right or duty, or which directly make up the wrongful acts or omissions of the defendant, *and not the details of the probative matters or particulars of evidence by which these material elements are to be established"* (italics ours). The foregoing language from Pom. Code Rem. is quoted with approval in *Boling* v. *Ry. Co.,* 65 S. C., 22. See, also, *Smith* v. *Smith,* 50 S. C., 54, 27 S. E., 545. The exceptions are, therefore, sustained.

It is the judgment of this Court, that the order of the Circuit Court be modified in the particulars hereinbefore mentioned.