## MOORE v. CATAWBA POWER CO.

PLEADINGS—AMENDMENT—MACHINERY APPLIANCES.—An allegation as to defects in certain machinery or appliances should not be required to be amended so as to state the particulars in which it is claimed the same was defective.

Before TOWNSEND, J., York, October, 1903. Reversed.

Action by John B. Moore against Catawba Power Co. for damages for personal injuries caused, as he alleges, as follows:

"5. That the injury to the plaintiff from said blast and explosion was due to the gross negligence and carelessness of the defendant, its agents and servants, in furnishing to the plaintiff defective, unsafe and unsuitable means, machinery and appliances for said work, and failing to inspect and keep said machinery and appliances in safe and suitable condition for its said work, in that: the said defendant furnished to

and for the said work, a battery for the purpose of exploding
the blast, which battery was imperfect, defective, unsafe and
worn; and the lead wire from the battery to the blast was
defective and imperfectly insulated, and the insulation was
off said wire in a number of places, and the wire was too
small to carry the current of electricity necessary to discharge
the blast, and the same was second-hand, badly used and
worn; moreover, the fuse wires leading from the lead wires
to the blast holes and loads were defective, were kinked and
broken, and the insulation thereof was imperfect; and by
reason of the foregoing facts some of the loads which were
placed in the holes for the purpose of making the blast, failed
to explode when operated for that purpose, and it became
necessary to clean out those holes which had exploded and
those which had not, with a view to carrying on the work,
and while so engaged an explosion of one of the holes which
had failed to explode at the proper time occurred, causing
the injuries above mentioned to the plaintiff."

The defendant moved that the complaint be made more
definite and certain in the following particulars:

"I. That the lines four and five of paragraph 5 thereof,
alleging that the plaintiff was furnished with 'defective,
unsuitable and unsafe means, machinery and appliances,' be
so amended as to show what machinery, means and appli-
ances were unsafe, or unsuitable and defective, and the par-
ticulars or respects wherein they were so.

"II. That further down in said paragraph, where the
plaintiff alleges that the battery furnished him for exploding
the blasts was 'defective, unsafe, imperfect and worn,' be so
amended as to show in what respect the said battery was im-
perfect, unsafe and defective and worn.

"III. That further down in said paragraph, where the
plaintiff alleges that the wires leading from the battery to the
blasts were defective, and also where he alleges that the
fuse-wires were defective, the said complaint be amended so
as to state any defects to said wires and the respects wherein

they were defective; and in case no other defects are claimed as to said wires except those already stated, then the complaint be so amended as to limit the allegations to those already alleged and stated.

"IV. For such other and further relief as may be just."

The Circuit Court granted the motion on the second and third grounds in following words:

"It is, therefore, ordered, that the defendant's second and third grounds of motion herein be granted; and that the plaintiff be required to amend the fifth paragraph of his complaint, where he alleges that the battery furnished to him was 'imperfect, defective, unsafe and worn,' so as to set forth the respect wherein said battery was imperfect, defective and so forth; that is, to set out the facts constituting such imperfections and defects. And also that he amend his said complaint further down in said paragraph, where he alleges that the lead-wire and fuse-wires were defective, and proceeds to set forth certain defects in said wires, by alleging any other defects that he may claim existed in said wires; or if no other defects in said wires are intended, than those already alleged, then the plaintiff can so amend this portion of his complaint as to show that the defects he refers to and intends are those he has alleged."

From this order plaintiff appeals.

*Messrs. Geo. W. Hart* and *D. W. Robinson,* for appellant. The former cites: 45 S. C., 280; 83 Ala., 381; 75 Wis., 224; 81 Wis., 358; 66 S. C., 487; 15 S. C., 456; 170 U. S., 670.

*Mr. Robinson* cites: 60 L. R. A., 630; 27 N. W., 662; 191 U. S., 26; 170 U. S., 665; 58 L. R. A., 340; 66 S. C., 487, 13; 65 S. C., 223; 53 Fed. R., 306; 35 S. C., 383; 60 S. C., 73.

*Mr. A. G. Brice,* contra, cites: 6 Ency. P. & P., 265; 23

Cal., 111; 44 Kan., 370; 109 N. C., 692; 65 N. C., 207; 98 N. C., 89; 109 N. C., 692.

March 11, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. We do not think this case can be distinguished in principle from *Lynch* v. *Spartan Mills*, 66 S. C., 12. The views there expressed are in accord with the decisions of other Courts. *Monahan* v. *Northwestern Contracting Co.*, 84 Wis., 586, 54 N. W., 1025; *Carey* v. *Ry. Co.*, 67 Wis., 608, 31 N. W., 163; *Ry. Co.* v. *Templeton*, 87 Tex., 42; 26 S. W., 1066; *Cox* v. *Providence Gas Co.*, 17 R. I., 199, 21 Atl., 344; *Preston* v. *R. R. Co.*, 64 Vt., 280, 25 Atl., 486. The motion to make the complaint more definite and certain should have been refused.

The judgment of this Court is, that the judgment of the Circuit Court be reversed.