7023

### HUGHES v. ORANGEBURG MFG. CO.

PLEADINGS—MOTIONS TO MAKE DEFINITE.—Rule governing motions to make pleadings more definite stated. A complaint alleging a spinning frame in a cotton mill was in "such a poorly equipped and defective condition as to render it extremely hard and dangerous for the plaintiff to operate" is not too indefinite, where the machine is in possesion of defendant.

Before DANTZLER, J., Orangeburg, December, 1907. Affirmed.

Action by Julia Hughes against Orangeburg Manufacturing Company. From order refusing motion to make complaint more definite and certain, defendant appeals.

*Messrs. Moss & Lide,* for appellant, cite: 13 Ency. P. & P., 908; Lab. on M. & S., secs. 836, 854; 69 S. C., 530; 72 S. C., 398; 75 S. C., 102; 78 S. C., 327; 54 N. W., 1025; 31 N. W., 163; 26 S. W., 1066; 21 At. R., 344; 25 At. R., 486; 30 So. R., 590.

*Messrs. Brantley & Zeigler,* contra, cite: 66 S. C., 12; 68 S. C., 204; 69 S. C., 273.

September 21, 1908. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This appeal is from an order denying the motion to require the plaintiff to make her complaint more definite and certain. According to the allegations of the complaint, while the plaintiff was operating a speeder frame in defendant's cotton factory her hand was caught and crushed. The wrongful conduct of the defendant was thus set out: "That the said frame, owing to the recklessness, wilfulness, wantonness and negligence of the said defendant, was in such a poorly equipped and defective condi-

tion as to render it exceedingly hard and dangerous for the plaintiff to operate it, entailing upon her an unusual amount of tedious, burdensome and perilous labor; that owing to the imperfect working and defective condition of the said frame, which the defendant negligently allowed to exist, the plaintiff's hand was caught in the machinery thereof, and was thereby so badly cut, crushed and mutilated as to make it necessary to amputate three of her fingers on her left hand," etc.   The motion was to require the complaint to be made more definite and certain, by alleging specifically in what particular the machinery or any part of it was defective, and by specifying in what particular the accident alleged in the complaint was due to a defect in the machinery.   The Circuit Judge refused the motion on the authority of *Lynch* v. *Spartan Mills,* 66 S. C., 12, 44 S. E., 93, and *Moore* v. *Columbia Power Co.,* 68 S. C., 201, 46 S. E., 1004.

From the nature of the subject, the rule governing such motions must be very general.   A complaint is sufficiently definite which sets out the alleged breach of contract or tort with such particularity as to enable the defendant to answer the charge and prepare his defense with certainty and intelligence, so that he may not be surprised at the trial by issues not anticipated, nor be required to incur the labor and expense of preparing to meet claims which the plaintiff had no intention of making.   If the complaint in the statement of the cause of action falls short of this standard, it is too indefinite.

It is apparent that in the application of this rule there is a wide field for the exercise of common sense.   Each case has its own special features.   If the facts are exclusively or peculiarly within the knowledge of the plaintiff more particularity should be required than when the defendant is so circumstanced as to have full information.   Except in cases where this Court has a strong conviction that one of the parties has been placed at a real disadvantage, the conclusion of the Circuit Judge ought not to be disturbed.

In this case the allegation is that the frame "was in such a poorly equipped and defective condition as to render it extremely hard and dangerous for the plaintiff to operate it." The frame was presumably in the possession of the defendant, both before and after the accident. It is a standard appliance or machine used in cotton mills, and it would be no hardship for the defendant to have it thoroughly examined as to its condition and operation, and thus be prepared to prove whether it was poorly equipped or defective or hard to operate.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.