## 7696

### SISTARE v. PEOPLE'S SUPPLY CO.

MASTER AND SERVANT—WAGES—DAMAGES.—An employee wrongly discharged may elect one of three remedies: 1. Wait until his wages are due under the contract and sue as upon performance; 2. Consider the contract at an end and sue on *quantum meruit* for work and labor performed; or 3. Sue for damages for breach of contract. The complaint in this action states a cause of action for breach of contract and it was error to require it to be made more definite.

Before GAGE J. Lancaster December 1909.     Reversed.

Action by E. Lee Sistare against People's Supply Co. From order requiring plaintiff to make his complaint more definite and certain, plaintiff appeals.

*Mr. J. Harry Foster* for appellant, cites: *Employee's remedy is for breach of contract:* 20 Ency. 41; 41 Am. R. 586; 19 Id. 285; 51 Am. St. R. 289; 71 Id. 384; 51 Id. 515; 58 Am. R. 821.  *Measure of damages:* 71 Am. St. R. 385; 44 Id. 275; 58 Am. R. 821; Hale on Damages 67; 8 Ency. 635; 20 Ency. 37; 16 Am. St. R. 404; 4 McC. 246; 19 Am. R. 285.  *Constructive service doctrine repudiated:* 44 Am. St. R. 281.

*Mr. R. E. Wylie* contra, oral argument.

October 22, 1910.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This appeal is from an order requiring plaintiff to make his complaint more definite and certain in several particulars.

The complaint alleged: 2. "That the defendant employed the plaintiff as clerk for the year 1909, said contract commencing January 1, 1909, and terminating December 31, 1909, and by the terms of said contract the defendant employed the plaintiff for the entire year of 1909, and contracted and agreed to pay the plaintiff the sum of fifty ($50) dollars per month, for each month of the said year.

3. "That the defendant on or about August 1, 1909, refused to give the plaintiff employment, pursuant to the terms of said contract, but discharged the said plaintiff from its employment to plaintiff's injury, loss and damage the sum of one hundred and fifty ($150) dollars.

4. "That by reason of the defendant's refusal and failure to perform and discharge the terms of said contract the plaintiff has sustained loss and damage to the amount alleged in the preceding paragraph."

The action was brought on December 13, 1909, before the expiration of the alleged term of service.

The order of Judge Gage required plaintiff to amend his complaint "by setting forth in the third and fourth paragraphs thereof how much of the one hundred and fifty dollars mentioned is for salary and for how many months and how much of said amount is for injury or damage."

The appellant contends that the complaint definitely alleges the amount of damages to be one hundred and fifty dollars and that the amendment would operate to change the cause of action.

In *Hughes* v. *Mfg. Co.*, 81 S. C., 355, 62 S. E. 404 the Court declared: "A complaint is sufficiently definite which sets out the alleged breach of contract or tort with such particularity as to enable defendant to answer the charge and prepare his defense with certainty and intelligence, so that he may not be surprised at the trial by issues not anticipated,

nor be required to incur the labor and expense of preparing to meet claims which the plaintiff had no intention of making. If the complaint in the statement of the cause of action falls short of this standard it is too indefinite." The Court further declared that "except in cases where this Court has a strong conviction that one of the parties has been placed at a real disadvantage the conclusion of the Circuit Judge ought not to be disturbed."

Applying these rules we think the exceptions well taken. The cause of action set forth in the complaint is not for wages actually or constructively due upon contract but for damages for breach of contract, which he had a right to elect to sue upon. An employee wrongfully discharged may elect one of three remedies: (1) Wait until his wages mature under the contract and sue as upon performance. *Watts* v. *Todd,* 1 McMullen, 26; (2) Consider the contract at an end and proceed on a *quantum meruit* for work and labor performed. *Bradshaw* v. *Branan,* 5 Rich., 466; (3) Sue for damages for breach of contract. *Latimer* v. *Cotton Mills,* 66 S. C., 135, 44 S. E. 559; *Liddell* v. *Chidester,* 5 Am. St. Rep., 387; *Hamilton* v. *Love,* 71 Am. St. Rep., 386, note 393.

Plaintiff having elected to proceed under the third remedy and the allegations of the complaint being sufficiently definite to that end, it was prejudicial to compel the amendments stated.

The judgment of the Circuit Court is reversed.