13139

ROWLAND WAREHOUSE CO. v. SUMTER PACKING CO., INC.

(158 S. E., 543)

December 1930.

*Messrs. Purdy & Bland,* for plaintiff, appellant-respond-
ent,

*Messrs. Lee & Moise,* for the defendant, respondent-ap-
pellant,

May 14, 1931.

The opinion of the Court was delivered by MR. JUSTICE
BONHAM.

Plaintiff brought action to recover of defendant the sum
of $200.00, which it alleged was due it for damage to its

warehouse which defendant had rented for the storage of the packed product of its plant. The contract of rental was in writing and dated May 10, 1930. The complaint alleged that defendant inspected the building, and knew that it was liable to sag and break if overloaded; that one provision of the agreement was that defendant might store its goods to within thirty-six inches of the sprinkler heads, provided the weight at such height did not cause the floor of the house to sag; that defendant knew the condition of the building, and to what extent it would be safe to store goods in it, but that it willfully and negligently so stored its canned goods in the building, beyond its capacity to sustain the weight, as to cause the flooring, sills and underpinning to sag and the timbers to break, etc.

Defendant moved before Judge Reynolds, of the Civil and Criminal Court of the City of Sumter, that the plaintiff be required to make its complaint more definite and certain in these particulars: (1) To state the date, or dates, on which the alleged delicts occurred; (2) to state the time when and the name of the officer of defendant who is alleged to have inspected the building; (3) to state in one cause of action its alleged claim for breach of contract; (4) to state in a separate cause of action its alleged cause of action for tort, or for willful breach of contract.

At the hearing of the motion, plaintiff withdrew its charge of willfulness, and defendant withdrew the third and fourth grounds of its motion.

After argument, Judge Reynolds granted the motion on the first ground and refused it on the second. He further ordered the plaintiff to serve its amended complaint on the defendant within twenty days from the date of his order. From this order, plaintiff appeals, which appeal involves two questions, viz.: that is was error to require plaintiff to amend its complaint: (1) Because the allegations of the complaint are definite and certain, and the cause of action is stated with sufficient certainty and definiteness to apprise defendant of the precise nature of the charges made; (2) by stating

the date or dates on which alleged delicts occurred, because the information which defendant sought to obtain by its motion was peculiarly within the knowledge of defendant, who was tenant in possession of the premises when it is alleged the delicts occurred.

When the case with exceptions was served on defendant's attorneys, they proposed an amendment thereto to this purport: That, at the hearing before Judge Reynolds on the motion to make more definite and certain, there was exhibited the original paper, dated May 10, 1930, offering to rent to defendant a portion of the warehouse, which said paper contained the clause 'office and shed excluded," instead of "office and shed included," as is stated in the complaint; and also provided that defendant might store its goods "to within thirty inches of sprinkler heads," instead of "to within thirty-six inches of sprinkler heads," as stated in the complaint.

Plaintiff declined to allow the proposed amendment. Counsel went before Judge Reynolds to settle the case for appeal. He passed an order refusing to allow the amendment. From this order defendant appeals.

As to the appeal by plaintiff, which challenges the correctness of the order which requires it to make its complaint more definite and certain by setting out the dates of the alleged delicts:

The Code of Civil Procedure, Section 399, prescribes that the complaint shall contain, *inter alia,* "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition."

In *Alexander v. Bose,* 73 S. C., 21, at pages 29, 30, 52 S. E., 786, 789, the Court, after quoting the above section, said: "The facts thus required to be stated are the basic, ultimate facts, as distinguished from facts which are merely evidentiary."

The facts which defendant seeks to require plaintiff to state are "merely evidentiary," to wit, the date or dates of the alleged delicts. We think the informa-

tion thus sought is sufficiently clearly pleaded. It is stated in the complaint that the contract was dated May 10, 1930; that defendant entered into possession of the premises May 14, 1930. The action was begun October 21, 1930. It is conceivable that it would be impossible for plaintiff to state any such dates. The damages to the building of which plaintiff complains may have been, and probably were, a thing of slow development, to which no attention would be attracted until the final collapse.

But the fundamental error in requiring plaintiff to set out the dates of the alleged delicts, to wit, when the sills and flooring sagged, and the timbers broke, lies in the fact that this information was peculiarly within the knowledge of the defendant, who was the tenant in possession of the premises when the damages occurred, and who was charged by contract to guard against just such damage. It does not avail defendant to say that the plaintiff retained possession of the building and the office. The part of the building where it is alleged the damage occurred was especially in the possession of the defendant, and it was especially charged with the obligation of not overloading it.

In the case of *Woodward v. Woodward*, 87 S. C., 247, 69 S. E., 232, which is cited by plaintiff's counsel, the action was for dower; the plaintiff alleged "that on the ———day of October or December, 1888," she and John F. Woodward were married; that during the coveture he was seized and possessed of certain lands, consisting of thirteen tracts; she demanded dower in all of the tracts. Defendants moved to require her to state the exact date of her marriage. Mr. Justice Hydrick for the Court said: "The plaintiff need not have alleged, even generally, the date of her marriage. The allegation that her deceased husband was seized of the land during her coverture with him was sufficient."

Further in the same case, in comment on the motion to require plaintiff to state out of which tract she claimed dower, the Court said: "When the facts are exclusively or pe-

culiarly within the knowledge of one of the parties, greater precision and detail of allegation may be required of him. On the other hand, a more general allegation will be sufficient, if the facts are peculiarly within the knowledge of the opposite party, or if he knows them as well or better than the party making the allegation"—citing *Hughes v. Mfg. Co.,* 81 S. C., 354, 62 S. E., 404, which case is cited by the counsel for defendant in our case, and is strong authority for the position herein taken.

The syllabus in that case is in these words: "A complaint alleging a spinning frame in a cotton mill was in 'such a poorly equipped and defective condition as to render it extremely hard and dangerous for the plaintiff to operate' is not too indefinite."

The Circuit Judge refused the motion to make the complaint more definite and certain on the authority of *Lynch v. Spartan Mills,* 66 S. C., 12, 44 S. E., 93, and *Moore v. Columbia Power Co.,* 68 S. C., 201, 46 S. E., 1004. See, also, *Sistare v. Supply Co.,* 87 S. C., 172, 69 S. E., 152.

In *Miles v. Charleston Light & Power Co.,* 87 S. C., 254, 69 S. E., 292, 293, the complaint stated: Plaintiff, as the owner of a dwelling and office in the City of Charleston, brought this action against the defendant, a public service water company, under a contract to supply plaintiff, through pipes installed in his house, with water suitable for drinking, bathing, and all other purposes, under reasonable pressure, to recover damages for negligently and wantonly supplying water of a harmful and injurious character, and at such high and abnormal pressure as to corrode and injure the pipes, so that one of them burst, and thereby damaged plaintiff's residence, office, and furniture to the amount of $2,-147.00. The appeal was from an order refusing a motion to have the complaint made more definite and certain by alleging the act, or acts, constituting the negligence and wantonness of defendant which caused the injury. The opinion by Mr. Chief Justice Jones says:

"A complaint may lack fullness of detail, and yet not be subject to a motion to make more definite and certain. It is not required that the pleader should do more than state the ultimate facts constituting the cause of action, and he is not required to plead merely evidentiary matters.

"Code, § 181 [now 421] allows such a motion 'when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent.' * * *

"The precise nature of plaintiff is apparent."

We think the Judge was in error when he required plaintiff to state the date or dates of the alleged delicts.

This conclusion relieves plaintiff of the burden of serving an amended complaint, and it is therefore unnecessary to decide plaintiff's exception thereabout. But, since the issue is made, we may say that the authorities cited by defendant's attorneys show that the Judge had power to order the amended complaint served on the defendant's attorneys within a given time.

Defendant appeals from the order of Judge Reynolds settling the case for appeal, because he refused to allow the proposed amendment to insert in the case the written contract. We think his Honor was right. He was not dealing with the case on its merits, but only with the pleadings. Defendant can set up the writing in its answer.

In *Winn v. Harby et al.*, 159 S. C., 257; 156 S. E., 767, 769, issue was joined on the allegations of the complaint and answer. The case was referred, and testimony taken in behalf of plaintiff, and the reference continued to another day, presumably with the intention of taking testimony on behalf of defendants. Before the reference was resumed, defendants served a demurrer to the complaint. From an order overruling the demurrer, the appeal was taken. In settling the case for appeal, the respondent asked the Circuit Judge to require the testimony taken before the referee to be incorporated in the transcript of record, but the Circuit Judge re-

fused to do so; from his order to that effect, respondent appealed. The unanimous opinion of the Court, delivered by Chief Justice Blease, sustained the Circuit Judge. The opinion said: "The questions for determination before this Court concern only the pleadings in the case. There was absolutely no necessity for printing the testimony, and Judge Grimball was correct in his holding."

The judgment of the Court is that so much of the order of Judge Reynolds as required the plaintiff to set out in his complaint the date or dates of the alleged delicts complained of is reversed. In all other respects it is affirmed.

The appeal of the defendant from the order of Judge Reynolds refusing to allow its proposed amendment relating to the writing between the parties is dismissed and the order appealed from is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.