## RAWLS v. JOHNS.

## RAWLS v. NEWMAN.

1. PRACTICE—REAL PROPERTY—EVIDENCE—COMMON SOURCE.—In trial of titles to land, where both parties claim from common source, one must connect himself with common source by valid conveyances,

but he is not required to show that the common source held by valid deeds.

2. Exceptions too general.

3. LIMITATION OF ACTIONS—LIFE ESTATE—REMAINDERMEN—REAL PROPERTY—ADVERSE POSSESSION—TRUST DEED.—Where the statute vests the use under a trust deed in a life tenant and remaindermen, there can be no holding adverse to the remaindermen under a fee simple deed from life tenant until his death.

Before GARY, J., Aiken, October, 1897.    Affirmed.

Actions for possession of real estate by Eva P. Rawls *et al., v.* C. H. Johns and Richard Newman.    From judgments for plaintiffs, defendant in both cases appeals.

*Messrs. G. W. Croft & Son,* for appellants, cite: *The power of appointment in the trust deed was not executed as directed in the marriage settlement:* 14 S. C., 539; 3 DeS., 417; 6 S. C., 198; 30 Am. Dec., 232; 39 Am. Dec., 63. *Defendants may stand on as many titles as they set up:* 1 Bay, 474; 7 S. C., 144.    *If the trust deed were good then an adverse holding to the trustee would bar the beneficiaries:* 25 S.C., 519; 4 Rich. Eq., 60; 16 S. C., 424; 50 S. C., 120.

*Messrs. Henderson Bros.,* contra, cite: *Circuit Judge properly construed the trust deed:* 6 Co., 17; 11 S. C., 346. *Plaintiff not required to go behind common source:* 5 Rich., 545; 22 S. C., 133.

March 20, 1899.    The opinion of the Court was delivered by

MR. JUSTICE POPE.    The two above named cases were heard together in the Circuit Court, and in this Court.    In the first, ten acres of land were sued for, and in the second, twenty acres of land were sued for.    All of the circumstances surrounding each case were the same, verdicts were rendered in favor of the plaintiffs in each case, and after judgment, each defendant has appealed on precisely the

same grounds.   So, therefore, in disposing of these grounds
of appeal, we will understand that our remarks cover both
appeals.    There are no contested facts here; all that is in-
volved is the application of the law to a given state of facts.
Under the will of John Burgess, in the year 1829, his
daughter, Elizabeth S. Burgess, came into possession, as
devisee in fee simple, of two considerable tracts of land,
She first intermarried with one Wiley Glover, and as the
fruit of that marriage were their children, Wiley C. Glover,
Durant Glover, Victoria Glover, Elizabeth A. Holley (wife
of Charles Holley), and Martha Lamar (wife of Barney D.
Lamar).    Wiley Glover having died, in the year 1848, she
intermarried with one A. A. Clark, but before doing so she
entered into a marriage settlement wherein Clark was to
have the use of her real and personal estate during his life;
if Clark should die first, then all of said property should
become absolutely vested in the said Elizabeth S.; if Eliza-
beth S. died before Clark, then her disposition of all such
property by deed or will should be valid, but in default of a
deed or will to her children.    It seems that A. A. Clark died
before Elizabeth S., his wife; that Elizabeth S. Clark died
in 1868.  *But in the year 1859,* the said A. A. Clark and
Elizabeth S. Clark, his wife, conveyed of the lands belonging
to the estate of Elizabeth S. Clark, which had been devised
to her under the said will of her father, John Burgess, 240
acres to "Charles Holley, his heirs and assigns forever, in
trust to and for the sole and separate use, benefit and behoof
of Wiley C. Glover and his lawful children; but in the event
of his leaving no lawful child or children, said premises to
revert back to the estate of his father, Wiley Glover, de-
ceased.    Nothing herein contained, however, shall be so
construed as to deprive the said Wiley C. Glover of the free
use and enjoyment of the said premises as a homestead dur-
ing his natural life; nor shall such construction be placed on
anything herein as will make said premises liable for or
subject to any debt, contract or liability of the said Wiley
C. Glover that may at this time exist, or that may be here-

after created," with a full warranty by the grantors. The consideration of this deed was nominal, being for $5. The said Wiley C. Glover was not married at the time of the execution of the deed, but he did marry in the year 1867, and the seven children of that marriage were Eva P. Rawls, who in the year 1897 was twenty-seven years old; Virgil Glover, twenty-three years; St. Julian, nineteen years; Elizabeth, seventeen years; Wade, fifteen years; Louis, twelve years, and Henry, eight years old. The said Wiley C. Glover, as a part of the said 240 acres of land, sold and conveyed as of fee simple the ten acres now held by the defendant, C. H. Johns, on May 6th, 1869, for full value. The said Wiley C. Glover, as a part of the said 240 acres of land, sold and conveyed as of fee simple, for full value, the twenty acres of land now held by the defendant, Richard Newman, on 27th September, 1867. The said Wiley C. Glover died on the first day of May, 1896. On the 10th day of January, 1897, these plaintiffs, the children of Wiley C. Glover, commenced these two actions to recover the ten acres from defendant, Johns, and the twenty acres from the defendant, Newman. The jury found in favor of the plaintiffs in each case, and now the appeal is taken on the following grounds (the first, second and seventh grounds of appeal were abandoned at the hearing in this Court) : "III. That while it is true that when the plaintiffs and defendants claim from a common source, it is not necessary to trace titles back beyond the common source; but when the evidence shows, as in this case, that the common source was a married woman, then it was necessary for the plaintiffs to prove that they had acquired title from the common source by a good and legal title, and the presiding Judge erred in not so charging the jury. IV. Because his Honor, the presiding Judge, erred in refusing to charge the defendants' first request. V. Because his Honor, the presiding Judge, erred in refusing to charge the defendants' second request. VI. Because his Honor, the presiding Judge, erred in refusing to charge the defendants' third request. VIII. Because his Honor, the

presiding Judge, erred in refusing to charge the defendants' fifth request. IX. Because his Honor, the presiding Judge, erred in refusing to charge the defendants' sixth request. X. The presiding Judge charged the jury that there could be no adverse holding against the plaintiff until after the death of Wiley C. Glover. It is submitted that such charge is erroneous, for the legal title was in Charles Holley, the trustee, and if the defendants held the land adversely for ten years against him, even though such period was during the lifetime of Wiley C. Glover, it would give good title to defendants, and bar any claim which the plaintiffs might subsequently set up."

We will now proceed to pass upon the exceptions in their numerical order—III. exception. The Circuit Judge was required to construe the paper writing signed by A. A. Clark and Elizabeth, his wife, in the year 1859, whereby the 240 acres of land were conveyed to Charles Holley, in trust for Wiley C. Glover and his children, and he did so in this manner: He held that Charles Holley held the title as trustee until after issue was born to Wiley C. Glover, and that after that event the uses were vested by our statute, so that the said Wiley C. Glover held said lands for and during his natural life, and that the remainder in fee simple was vested in the children of the said Wiley C. Glover. That Wiley C. Glover could only convey his life estate in said lands. That each defendant traced back his title to the ten acres and the twenty acres, respectively, to the life tenant, Wiley C. Glover. It was admitted that the life tenant died May 1, 1896. It seems to us that the Circuit Judge has construed the above paper writing to be a valid deed of conveyance, and, having done so, we cannot see how he could have been expected to go further and charge, as the appellants seem to indicate in this exception, that the plaintiffs were required to establish that they held by a good and valid title. The Judge had already so held. Unquestionably the appellants are correct in the proposition of law,

which require a plaintiff to establish his connection with the common source of title by a valid deed; simply that the plaintiff *claims* through a certain common source of title will not do; he must *establish* such claim. As before remarked, the Circuit Judge held that the paper, purporting to be a deed from A. A. Clark and Elizabeth S., his wife, was a valid deed.

We must decline to pass upon exceptions *IV., V., VI., VIII. and IX.,* because they fail to point out any error in the Judge's refusal to make the requests there indicated.

X. exception. We do not discover any error in the charge of the Circuit Judge as pointed out in this exception. Very clearly, if Wiley C. Glover only had a life estate, with a remainder in the lands in question in his children, and he only died on 1st May, 1896, there could be no adverse holding in the grantees of the life tenant until after the falling in of the life estate. If the plaintiffs had permitted the grantees of the life tenant to have completed the statutory period of adverse holding, beginning on the 1st May, 1896, the defendants would have succeeded. But these two actions were commenced *in a few months* after the death of the life tenant. Of course, all this is based upon the statute having vested the use, so that the trustee no longer held the title after the birth of children to Wiley C. Glover. Possibly, if this trustee had allowed adverse occupancy and notorious and adverse claim of title to these lands by other persons, his *cestui que trust* would have suffered. But, as before stated, the trustee, Charles Holley, did not hold the title to these lands, and hence, under the admitted facts of this case, there was no adverse holding by any one against these plaintiffs. It is useless for the Court to express regret that persons who have paid full value for lands should lose their lands, but the law is open to all men, and when notice is furnished by a registration of deeds, prudence requires vigilance.

It is the judgment of this Court, that the judgment of the

Circuit Court in each of the above entitled actions be affirmed, and a remittitur will be issued from this Court in each of said actions so as to preserve the harmony of the proceedings in the Circuit Court.