13057

WINN v. HARBY. *ET AL.*

(156 S. E., 767)

Feburary, 1930.

258

*Messrs. R. D. Epps* and *D. D. Moise,* for appellant,

*Messrs. Melton & Belser* and *Shepard K. Nash,* for respondent,

January 27, 1931.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The three causes of action, set up in the complaint in this case, charged losses and damages to the estate of D. James Winn, deceased, occasioned by the alleged negligence, mismanagement, and conversion of the funds of the estate on the part of the defendants, as officers and directors of Sumter Trust Company, a banking and trust corporation, qualified executor and trustee of the estate. The suit, on the equity side of the Court, demanded an accounting on the part of defendants, and judgment against them for the sum of $25,000. The attorneys for the plaintiff, the substi-

tuted trustee, moved in the lower Court that the case be tried by the Court, but, on objection to that procedure on the part of the defendants, Circuit Judge Ramage, who heard the motion, referred the case to a referee for the purpose of taking the evidence only, and reporting the same to the Court. Pursuant to that order, the referee took the evidence in behalf of the plaintiff, and the reference was adjourned, presumably for the purpose of taking later the evidence in behalf of the defendants.

After the holding of the last reference, the defendants served upon plaintiff's counsel a demurrer to the complaint, and gave notice that they would move to dismiss the complaint on the grounds of the demurrer before Judge Grimball on February 14, 1930. Due to the press of other business before the Court, the demurrer was not heard at the time noticed. Plaintiff's counsel in the meantime gave notice that they would move before Judge Grimball to dismiss the demurrer on the ground that it was frivolous.

The motion of the plaintiff and the demurrer of the defendants were heard together by Judge Grimball on April 21, 1930. He refused the motion of the plaintiff, but overruled the demurrer of the defendant. From that order, the defendants have appealed to this Court.

At the outset, the plaintiff seeks to sustain Judge Grimball's order on the ground that, the case having been referred to a referee to take the evidence, it was not proper, under out practice and procedure, for the Court to hear the demurrer before the filing of the referee's report, and we dispose of this question first.

Under the authority of the case of *Cartee v. Spence,* 24 S. C., 550, it seems that the Court cannot hear and determine a question raised by demurrer after all the issues, both of law and fact, in an action have been referred to the master or referee for trial, in advance of the coming in of the report. But, after the filing of the report, under such circumstances, a demurrer to the com-

plaint on the ground that it does not state facts sufficient to constitute a cause of action may be heard by the trial Judge (*Hull v. Young,* 29 S. C., 64, 6 S. E., 938), provided the notice required by Section 405 of the Code of Civil Procedure be given. The procedure in this case is, perhaps, not to be commended, but we do not think it was forbidden under the *Cartee case,* for here the issues of law were not referred to the referee. The law issues were still in the hands of the Court.

With one addition, the grounds of the demurrer to each of the three causes of action were the same, and the grounds as stated to the third cause of action will be reported.

The first, second, third and fifth grounds of the demurrer were properly overruled by the Circuit Judge under the holding of this Court in the cases of *Peruvian Guano Corporation v. Thompson, et al.,* 112 S. C., 377, 99 S. E., 808; *Fant et al. v. Brissey et al.,* 150 S. C., 15, 147 S. E., 632; and *Stewart et al. v. Ficken et al.,* 151 S. C., 424, 149 S. E., 164.

The appellants depend upon the case of *Daniels v. Berry,* 148 S. C., 446, 146 S. E., 420, to support those grounds of demurrer, but we cannot see the applicability of the principles announced in that case to the questions raised by the demurrer here. The *Daniels case* does not conflict either with the principles declared in the three cases cited above. In *Daniels v. Berry,* the Court had before it the relationship of a depositor with the directors of a bank. The case did not concern the relationship alleged by the plaintiff to have existed in this case, that of trustees and beneficiaries of a trust between the Sumter Trust Company and its managing officers and directors and the estate of Winn.

The fourth ground of demurrer raises what seems to be a new question. It is contended thereby that the statutes, Sections 3994-3997, of Volume 3, Code of 1922) fixed the liability of the Sumter Trust Company with regard to all of the matters alleged in the complaint, that

they defined the security to the plaintiff in such cases, and that the same are exclusive. With the greatest respect to the learned counsel of the appellants, we see no basis whatever for this position. The statutes referred to provide that a banking corporation, under certain conditions, may act as guardian, administrator, trustee, etc. In Section 3995, except as provided in Section 3997, it is said that: "The capital stock of such corporation, with the liabilities of the stockholders thereunder, shall be held as security for the faithful performance of the duties undertaken" by the corporation, and that no other surety shall be required upon their bonds. Section 3997 provides for additional security on the bond of the corporation acting as trustee, etc., when it may be required. We find nothing in the statutes, even by implication, which would tend to show that the General Assembly ever intended to relieve a corporation, acting as guardian, administrator, executor, or trustee, or the officers and directors of such corporation from losses occurring because of its or their negligence, mismanagement, or fraudulent acts in the handling of the trust estate.

The respondent, in settling the case for appeal, asked the Circuit Judge to require the testimony taken before the referee to be incorporated in the transcript of record, but the Circuit Judge refused to do so. From his order to that effect, the respondent has appealed. The questions for determination before this Court concern only the pleadings in the case. There was absolutely no necessity for printing the testimony, and Judge Grimball was correct in his holding.

The judgment of this Court is that all the orders appealed from by both the parties be, and the same are hereby, affirmed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.