13416

WINN v. HARBY *ET AL.*

(163 S. E., 434)

*Mr. R. D. Epps,* for appellants,

*Messrs. Melton & Belser* and *S. K. Nash* for respondents.

May 30, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This case has already been before this Court. See 159 S. C., 257, 156 S. E., 767. It is a suit in equity begun on

May 14, 1928, in the Common Pleas Court for Sumter County in the Third Circuit by William M. Winn, as substituted trustee of the estate of D. James Winn, to recover losses to the estate alleged to have been occasioned by the negligence, mismanagement and conversion of estate funds on the part of the defendants, as officers and directors of the Sumter Trust Company, a banking and trust corporation, the former executor and trustee of the estate. An accounting and judgment for $25,000 were demanded.

After the testimony was taken, the plaintiff made an effort—apparently under Act No. 730 of the 1930 Acts, page 1247—to have the cause tried before Judge E. C. Dennis, resident Judge of the Fourth Circuit, at Darlington, in the Fourth Circuit, which adjoins the Third Circuit. On August 25, 1931, he served upon the defendants notice that he would move before Judge Dennis at chambers, in Darlington, on September 4, 1931, to take up the cause for hearing and determination, at that time and place, and for an order for judgment therein. This motion was made upon the record of the case and an affidavit by one of plaintiff's attorneys to the effect that Judge P. H. Stoll, Judge of the Third Circuit, was disqualified from hearing and determining the cause by reason of his wife's relationship, within the sixth degree, to the plaintiff, Judge Stoll having made an order disqualifying himself, and that there was no other Circuit Judge within the Third Circuit. Judge Dennis advised plaintiff's counsel that he could not hear the matter on September 4, but set September 29 for the hearing, and plaintiff's counsel so notified defendants' counsel.

When the matter came up on September 29, defendants objected to the hearing of the cause by Judge Dennis at chambers in Darlington upon the grounds: (1) That D. D. Moise, one of defendants' attorneys, was ill and unable to attend Court; (2) that Judge Dennis was without jurisdiction to hear and determine the cause at chambers at

Darlington; and (3) that there was a Judge presiding in the Third Circuit, and that commencing October 5, 1931, there would be a Judge in the Court of Common Pleas at Sumter.

It appears that Judge Ramage was commissioned to held the first week's Court of the three weeks' term beginning October 5, 1931, at Sumter, and that he had stated that, on account of his close and intimate friendship with one or more of the defendants, he would not hear and determine the cause; and that Judge Shipp had been commissioned to hold the second week's Court of this term. It appears also that there was a Court of General Sessions, presided over by Judge W. H. Townsend, in Williamsburg County, in the Third Circuit, on Monday, September 28, 1931, but that such Court adjourned on the afternoon of that day.

Judge Dennis overruled the second and third objections of the defendants, but, on account of the absence of Mr. Moise, granted a continuance of the case until October 29, 1931, at 10 o'clock a. m., at his chambers, at Darlington. From this order defendants appeal, upon exceptions raising these questions:

I. Was the 1930 Act (No. 730) superseded and repealed by Act No. 189 of the Acts of 1931?

II. Do the facts in the instant case bring it within the terms of the 1930 Act?

III. Does the 1930 Act violate the provisions of Article V, Paragraph 6, and Article III, Paragraph 17, of the State Constitution?

IV. Does the 1930 Act confer jurisdiction upon the Judge of an adjoining circuit to remain in that circuit and determine a cause pending in another circuit?

V. Is there any existing law conferring upon a Circuit Judge in another circuit the powers assumed by the Circuit Judge in the instant case, in ordering and directing this cause to be transferred from the Third Circuit to the Fourth Circuit for trial, upon the grounds urged?

I. The title and the pertinent portions of the 1930 Act are as follows:

·"An Act to Amend an Act Entitled 'An Act Conferring Upon the Regular and Special Judges Jurisdiction at Chambers,' Approved the Fourteenth Day of April, 1925, so as to Provide When a Judge of the Circuit In Which He Is Presiding, or Of Which He Is Resident Judge, to Have Jurisdiction in Matters in Another Circuit.

"*Section 1. Providing When a Judge of the Circuit in Which He is Presiding or of Which He is Resident Judge, Has Jurisdiction in Another Circuit.*—Be it enacted by the General Assembly of the State of South Carolina: That Section 2 of an Act entitled 'An Act conferring upon regular and special Judges jurisdiction at chambers,' approved the 14th day of April, 1925, be and the same is hereby amended by striking out the word 'at' on line 4 of said section, and also the word 'chambers' on line 5 in said section, and also the words 'in default or by consent' on said line 5, so that said Section 2 of said Act, when so amended, shall read as follows: '2. In case any judicial circuit is without a resident Judge, by reason of death, absence, disqualification or otherwise and no other Judge, special or regular, is presiding therein, then jurisdiction in all matters arising in such circuit, is conferred upon and shall be exercised by the resident Judge of the adjoining circuit or by any Judge presiding therein; and any Judge exercising such jurisdiction shall first satisfy himself of the necessity of same by affidavit of the moving party.' "

The title of Act No. 189 of the 1931 Acts, page 257, is: "An Act to Provide for Special Sessions of the Circuit Court, for the Appointment of Special Judges and for the Assignment of Judges to Hold Such Special and Regular Sessions of the Circuit Court."

Section 5 of the Act reads: "*§ 5. Judges—Filling of Vacancies for Regular Terms and Special Sessions—Appointments.*—Whenever any Circuit Judge, pending his as-

signment to hold the Courts of any circuit, shall die, resign, be disabled by illness, or shall be excused for any other reason considered sufficient in the opinion of the Chief Justice of the Supreme Court, and likewise in case of a vacancy in the office of Circuit Judge of any circuit, or if a special session of the Court of General Sessions or Common Pleas be ordered, as provided for in Section 1 of this Act, the Chief Justice of the Supreme Court may assign any other disengaged Circuit Judge to hold the Courts of any such circuits, to fill any appointment made necessary by such vacancy or to hold any special session of the Circuit Court that may be ordered by the Chief Justice. And in the event there be no other disengaged Circuit Judge available to hold said Courts, then the Governor shall immediately commission as special Judge such persons learned in the law, as shall be recommended by the Supreme Court, or by the Chief Justice thereof if the Supreme Court be not in session, to hold the Courts of any such circuit, or to hold any special session thereof which may be ordered by the Chief Justice, as aforesaid."

If defendants' position that the 1931 Act, Section 5, has superseded or repealed the 1930 Act is correct, then it will not be necessary to go further in order to decide the case, for the 1930 Act will pass out of the picture. However, we are not impressed with this contention. The two Acts seem to refer to different matters and to be independent of each other. The 1930 Act applies where a judicial circuit is without a resident Judge, for certain reasons therein stated, and there is no other Judge, special or regular, presiding therein, and seems merely to confer jurisdiction to hear causes arising in such circuit upon the resident or presiding Judge of an adjoining circuit; while Section 5 of the 1931 Act applies where a Circuit Judge, pending his assignment to hold the Courts of any circuit, shall die, resign, be disabled by illness, or excused, or where there is a vacancy in the office of Circuit Judge, or where a special

session of the Circuit Court has been ordered, and provides rather for supplying a Judge for the actual holding of Court in a circuit to which it is applicable.

II. It appears that it might properly be held that the facts in the instant case do not bring it within the terms of the 1930 Act, as that Act seems to apply only when any judicial circuit is *entirely without* a resident or presiding Judge, while in the case at bar the Third Circuit was not entirely without a Judge; the resident Judge being only disqualified to serve in this particular case. The case may be governed by Section 6 of Article 5 of the Constitution, which provides how a Judge shall be procured to try a cause in which the Judge who would otherwise hear it is disqualified because connected with some of the parties by affinity or consanguinity within the degrees prohibited by law.

However that may be, the necessity for Judge Dennis to assume jurisdiction in this case was not clearly shown. As already stated, the motion for determination of the cause by Judge Dennis was noticed for September 4, but he carried the matter over and fixed September 29 for the hearing. In the meantime, there was a Court in Kingstree in the Third Circuit, on September 28, presided over by Judge W. H. Townsend, and it seems that the case could have been heard by him at that time in the Third Circuit, rather than on the next day by Judge Dennis in the Fourth Circuit. Furthermore, the statute provided for a Court at Bishopville on September 14 and one at Manning on September 21, both in the Third Circuit. The effect of the action taken by Judge Dennis was to hold the cause in suspense in the Fourth Circuit during a period of 25 days, carrying it over three Courts held or provided for in the Third Circuit. The Act does not seem to us to warrant a procedure of this kind. This ground of appeal must be sustained.

III. As the order of Judge Dennis must be reversed for the reason just given, it will not be necessary for the Court

to consider the question of the constitutionality of the 1930 Act.

IV and V. Appellants take the position that there is no law granting to a Circuit Judge the power exercised by Judge Dennis in the present case. Apparently, as already stated, Judge Dennis assumed authority under the Act of 1930, that is, under the 1925 Act (Act April 14, 1925 [34 St. at Large, p. 94]) as amended by the 1930 Act (Act Feb. 14, 1930 [36 St. at Large, p. 1247]). Appellants contend that this Act does not confer jurisdiction, when a circuit is without a resident or presiding Judge, upon the Judge of an adjoining circuit to hear and determine therein matters arising in the former, but only confers jurisdiction upon the resident or presiding Judge of a circuit adjoining one which is without any such Judge, *to go into the latter circuit* and there hear and determine matters arising therein; and that, if the construction placed upon the Act by Judge Dennis is correct, then he could remain in the Fourth Circuit and exercise jurisdiction in absolutely all matters arising in the Third Circuit, including jury trials in civil and criminal causes. This Court will take judicial notice that the 1925 Act as amended— which includes the 1930 Act as the second paragraph thereof—has been re-enacted as Section 37 of the 1932 Code, and, to have any practical value hereafter, a construction of this particular legislation would have to be made with reference to such section. We do not think appellants' contention that the Act confers jurisdiction upon the resident or presiding Judge of a circuit adjoining one that is without any such Judge to go into the latter, and there hear and determine matters arising therein, can be sustained. We think the intention of the legislature clearly was to confer jurisdiction, under the conditions prescribed in the Act, upon the resident or presiding Judge of a circuit adjoining one which was without any such Judge to hear and determine in the former circuit certain matters arising in the latter.

See *Truesdell v. Johnson,* 144 S. C., 188, 142 S. E., 343, where the 1925 Act as it stood prior to the 1930 amendment was considered. But we do not think that the legislature intended by the 1930 Act to confer upon the resident or presiding Judge of a circuit adjoining one that is without such Judge authority to remain in his own circuit and exercise jurisdiction in jury trials in civil and criminal causes arising in the other. If such construction were insisted on, the Act would be unconstitutional or inapplicable, in so far as criminal cases are concerned, since Section 2 of Article 6 of the Constitution provides that if a change of venue in a criminal case be ordered it shall be to a county in the same judicial circuit. Furthermore, as to jury cases generally, it will be noted that the primary purpose of Section 37 is to regulate the powers of circuit and special Judges at chambers, and we would be unwilling to place a construction upon the second paragraph of the section which would bring about so radical a change in the long-established procedure in the trial of jury cases, namely, that of trying them in the circuit where they arise, unless the intention of the legislature to make such change was unmistakable and not in conflict with the fundamental law. The Act must be construed in the light of existing law and the purpose it was intended to serve, and, so construing it, we cannot hold that it relates to any matters other than those which may be heard without a jury.

The order appealed from is reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.