17459

Ada R. STAMPER, Respondent, v. Landy W. AVANT *et al.,* of whom Landy W. Avant is Appellant

(104 S. E. (2d) 505)

*A. L. King, Esq.,* of Georgetown, *for Appellant,*

*Messrs. C. C. Grimes, Jr.,* and *Smith & Moore,* of Georgetown, *for Respondent,*

*A. L. King, Esq.,* of Georgetown, *for Appellant, in reply.*

August 6, 1958.

PER CURIAM.

The order appealed from correctly decides the question in this appeal and it is affirmed.

Let it therefore be reported with the elimination of the last paragraph appearing on Page 16 of the Transcript of Record, as this paragraph has no relation to the question before the Court.

The order of J. Frank Eatmon, Presiding Judge, requested to be reported, follows:

This matter came before me at the December, 1956, term of the Court of Common Pleas for Georgetown County, on the pleadings and on an agreed statement of facts submitted by Messrs. Smith & Moore and C. C. Grimes, Jr., attorneys for the plaintiff, Ada R. Stamper, and A. L. King, Esq., attorney for the defendant, Landy W. Avant.

The defendant, Angus E. McLaughlin, answering the complaint by his attorney, C. T. McDonald, Esq., admits all of the allegations of the complaint and joins in the prayer of the complaint for the relief demanded therein, and consents to all orders necessary to carry the prayer of the complaint into effect and that such orders be made in open Court or at Chambers, either within or without the County of Georgetown.

The defendant, Mrs. James F. (Frances McLaughlin) Hopkins, Jr., admits all of the allegations contained in the complaint and joins in the prayer of the complaint demanded therein, and consents to all orders necessary to carry the prayer of the complaint into effect, and that such orders be made in open Court or at Chambers, either within or without the County of Georgetown.

The summons and complaint were duly served on the defendant, James F. McLaughlin, and it appears that more than 20 days have elapsed since said service and no answer, notice of appearance, or demurrer has been served on plaintiff, or her attorneys.

The complaint alleges that James H. Detyens, late of the County of Georgetown, State of South Carolina, died about the year 1901, leaving in full force and effect his last will and testament dated the 25th day of March, 1899; that the said last will and testament was duly admitted to probate in common form in the Probate Court of Georgetown County and was recorded in Will Book A, page 306, and is on file in Roll No. 538; that the said will provided, in part, as follows:

"Third: I hereby declare that all the property real and personal, of which I shall die seized and possessed or to which I shall be entitled at the time of my decease is intended to be and is so given to my said wife in full satisfaction and recompense of and for her dower and thirds which she may or can in anywise claim or demand out of my estate.

"Fourth: And from and after the death or marriage of my said wife I give, devise and bequeath the then remaining estate real and personal unto my children, James F. Detyens, Hasford Wallace Detyens and Julian H. Detyens share and share alike to them and their heirs forever. Provided, however, that on the death of one or more of the above-named children without issue during the lifetime or widowhood of my wife the share or shares of such deceased children or child shall go to the survivor or survivors and his or their heirs, children of a deceased child to take the same portion to which their parent would have been entitled had he survived. And in the event of all of my above-mentioned children dying without issue during the lifetime or widowhood of my wife then I direct that the rest and residue of my estate shall go to my daughters, Mary E. Doar, wife of E. Marion Doar, and my daughter, Annetta Detyens to them and their heirs forever."

Under the terms of the will Margaret S. Detyens, wife of the testator, was appointed executrix of the said will.

That the real estate of which James H. Detyens died seized and possessed and devised under his last will and testament is described as follows:

"All that certain piece, parcel or tract of land situate, lying and being in the County of Georgetown, State aforesaid, near the corporate limits of the City of Georgetown, containing two (2) acres, more or less, butting and bounding as follows: Northeast by Duke Street extended; Southeast by Second Avenue; Northeast by lands now or formerly of Georgetown Land Association, and Southwest by Highmarket Street extended; being the premises formerly of James H. Detyens."

That by deed dated January 23, 1938, and recorded in the office of the Clerk of Court for Georgetown County on April 21, 1939, in Deed Book Y-2, at page 246, Hasford W. Detyens, one of the sons of James H. Detyens, deceased, testate, conveyed all of his right, title, and interest, contingent or expectant, either in law or in equity, of, in, and to the above-described land to Ada R. Stamper, the plaintiff.

That Hasford W. Detyens (Jr.), W. J. Detyens, Charles Rutledge Detyens, Mrs. A. L. (Marie Detyens) Burbic, children of the said Hasford W. Detyens (Sr.), were living at the date of the death of Margaret S. Detyens, widow of James F. Detyens, deceased, testate.

That Julian H. Detyens, another of the sons of James H. Detyens, deceased, testate, by deed dated May 26, 1938, and recorded in the office of the Clerk of Court for Georgetown County on June 3, 1938, in Deed Book Z-2, at page 295, conveyed all of his right, title, and interest, contingent or expectant, either in law or in equity, of, in, and to the above-described lands to Ada R. Stamper, the plaintiff. That the said Julian H. Detyens was living at the date of the death of Margaret S. Detyens, widow of the late James H. Detyens, deceased, testate.

That about the year 1914, James F. Detyens, another son of the said James H. Detyens, deceased, testate, died intestate, leaving surviving him as his only heirs at law, his children, Margaret Detyens Harrison, Gladys Detyens Duval, and Annetta Detyens McLaughlin.

That by deed dated the .... day of .......... , 1938, and recorded in the office of the Clerk of Court for Georgetown County on January 21, 1939, in Deed Book Y-2, at page 285, the said Margaret Detyens Harrison and Gladys Detyens Duval, conveyed all of their right, title, and interest, of, in, and to the above-described lands to Ada R. Stamper, the plaintiff.

That Annetta Detyens McLaughlin died intestate, leaving surviving as her only heirs at law, her husband, Angus E. McLaughlin, her son, James F. McLaughlin, and her daughter, Mrs. James F. (Frances McLaughlin) Hopkins, Jr., defendants herein.

That during the year 1917 the above-described lands were levied on and sold for unpaid taxes assessed against the estate of J. H. Detyens, deceased, testate, and by deed dated October 6, 1917, and recorded in Deed Book H-1, page 438, said premises were conveyed by H. H. Ward, Sheriff of Georgetown County, to one C. E. Fore.

That by successive conveyances the said premises were conveyed by Cornelia E. Palmer to Landy W. Avant by deed dated September 18, 1954, and recorded in the office of the Clerk of Court for Georgetown County in Deed Book 8, at page 3.

The plaintiff, Ada R. Stamper, alleges that she is the owner of an undivided 24/27 interest in fee of the above-described premises; that the defendant, Angus E. McLaughlin, is the owner of an undivided 1/27 interest in fee of the above premises; that the defendant, Mrs. James F. (Frances McLaughlin) Hopkins, Jr., is the owner of an undivided 1/27 interest in fee in the above-desccribed premises, and that the defendant, James F. McLaughlin, is the owner of

an undivided 1/27 interest in fee in the above-described premises.

Plaintiff further alleges that she and the defendants, Angus E. McLaughlin, James F. McLaughlin, and Mrs. James F. (Frances McLaughlin) Hopkins, Jr., are entitled to the possession of the said premises from the date of the death of Margaret S. Detyens, life tenant, and that although demand has been made upon the defendant, Landy W. Avant, for the possession of the said premises, said defendant has wrongfully withheld the same, and refuses to deliver possession of the said lands.

Plaintiff further alleges that the above-described lands are all the lands in this State in which the plaintiff and the defendants, Angus E. McLaughlin, James F. McLaughlin, and Mrs. James F. (Frances McLaughlin) Hopkins, Jr., own any interest, either jointly or in common, and plaintiff is informed and believes that no other person owns any interest or estate in the lands above described.

Plaintiff, in her complaint, demands judgment as follows:

1. That it be adjudged that the plaintiff and the defendants, Angus E. McLaughlin, James F. McLaughlin, and Mrs. James F. (Frances McLaughlin) Hopkins, Jr., are the owners of the said premises as tenants in common and entitled to the possession thereof.

2. For the partition of said premises according to the respective rights of the parties interested therein.

3. For a sale thereof, if it shall appear that a partition thereof cannot be made without injury to the owners thereof, and that the proceeds of sale be divided among the parties according to their respective rights and interests.

In his answer, the defendant, Landy W. Avant, alleges that he is the sole owner of the real estate described in the complaint, and that his ownership is based upon, and has continued under and by virtue of, the deed from H. H. Ward, Sheriff of Georgetown County to C. E. Fore, which is the same deed referred to in paragraph fifteen of the complaint,

under which deed the said C. E. Fore entered into possession of said premises and later conveyed the same to W. H. Palmer, by deed referred to in paragraph sixteen of the complaint; and by the last will and testament of the said W. H. Palmer, by which the said real estate was devised to Cornelia W. Palmer; and the deed by which the said real estate was conveyed by Cornelia E. Palmer to Harry G. Avant; and by the deed by which Harry G. Avant reconveyed the said real estate to the said Cornelia E. Palmer; and the deed by which Cornelia E. Palmer conveyed the real estate to Landy W. Avant, defendant.

The defendant, Landy W. Avant, further alleges in his answer that the ownership and possession of the real estate is now solely in said Landy W. Avant and that he and his predecessors in title have been in continuous, exclusive, open, notorious, hostile, and adverse possession of the said real estate for more than 35 years immediately prior to the date of the service of the summons upon the said defendant, and that the plaintiff, and all other persons whomsoever, are estopped and barred from bringing any action questioning the ownership of said defendant of said real estate by virtue of Sections 65-2779, 10-124, 10-126, 10-129, of the 1952 Code of Laws of the State of South Carolina, and said defendant specifically claims in this case the benefits of said law of the State of South Carolina.

By an agreed statement of facts signed by A. L. King, Esq., attorney for Landy W. Avant, and C. C. Grimes, Jr., and Smith & Moore, attorneys for plaintiff, it was agreed that James H. Detyens died leaving his will as alleged in the complaint and that his will provided as set forth in the complaint and that the plaintiff, Ada R. Stamper, claimed an interest in the lands described in the complaint by reason of the deeds executed to her, as set forth in the complaint. Under the said agreed statement of facts it was also set forth that the defendant, Landy W. Avant, contends that he is the sole owner of the real estate described in the complaint, and that his ownership is based upon, and has continued

under and by virtue of the deed from H. H. Ward, Sheriff of Georgetown County, to C. E. Fore, which is the same deed referred to in paragraph fifteen of the complaint, under which deed the said C. E. Fore entered into possession of said premises and later conveyed the same to W. H. Palmer by deed referred to in paragraph sixteen of the complaint; and by the last will and testament of said W. H. Palmer, by which the said real estate was devised to Cornelia W. Palmer; and the deed by which the said real estate was conveyed by the said Cornelia W. Palmer to Harry G. Avant; and by the deed by which Harry G. Avant reconveyed the said real estate to said Cornelia E. Palmer; and the deed by which said Cornelia E. Palmer conveyed the said real estate to Landy W. Avant, defendant. That the ownership and possession of the real estate is now solely in said Landy W. Avant, and that he and his predecessors in title have been in continuous, exclusive, open, notorious, hostile, and adverse possession of the said real estate for more than 35 years immediately prior to the date of the service of the summons upon said defendant, and that the plaintiff and all other persons whomsoever are estopped and barred from bringing any action questioning the ownership of said defendant of the real estate by virtue of Sections 65-2779, 10-124, 10-126, 10-129, of the 1952 Code of Laws of the State of South Carolina, and said defendant specifically claims in this case the benefit of said law of the State of South Carolina. That said defendant, Landy W. Avant, claims and contends that he is the sole fee simple owner of the premises referred to in this stipulation and described in paragraph eight of the complaint and that, therefore, the plaintiff, Ada R. Stamper, did not acquire any right, title, interest, or estate in the said premises by virtue of the deed by which she asserts her claim or by any other means.

Under the agreed statement of facts it was stipulated that Margaret S. Detyens, widow and life tenant under the terms of the will of James H. Detyens, deceased, testate, died in the year 1951.

The defendant, Landy W. Avant, bases his contention that he is the owner of the real estate described in the complaint on a tax deed executed by the Sheriff of Georgetown County to one C. E. Fore, dated October 6, 1917, and recorded in the office of the Clerk of Court for Georgetown County in Deed Book H-1, at page 438, and on possession of the said premises by C. E. Fore, and his successors in title, including the defendant, Landy W. Avant.

The contention of the said defendant cannot prevail.

Section 65-1611, Code of Laws, 1952, provides:

"Every person shall be liable to pay taxes and assessments on the real estate of which he may stand seized in fee or for life, in dower or as husband in right of his wife or may have the care of as guardian, executor, trustee or committee."

Under the foregoing Section is cited the following:

"This section does not authorize the assessment of the property of remaindermen. *Taylor v. Strauss,* 95 S. C. 295, 78 S. E. 883 (1913).

"The reason why taxes are not assessed against the interests of remaindermen is that the legislature no doubt supposed that the value of the life estate would be sufficient to satisfy the taxes, and it was the intent to protect the rights of remaindermen and not allow them to be sacrificed where no necessity therefor exists. *Taylor v. Strauss,* 95 S. C. 295, 78 S. E. 883 (1913).

"The duty is on the life tenant to pay taxes and the interests of remaindermen are not affected by reason of the failure of the life tenant so to do, and no taxes may be assessed against the interests of remaindermen during the existence of the life estate, the reason being that the legislature supposed the value of the life estate would be sufficient to satisfy the taxes and it was the intention under our statute to protect the rights of remaindermen and not allow them to be sacrificed where no necessity therefor exists. *Bolt v. Sullivan,* 173 S. C. 24, 174 S. E. 491 (1934); *Campbell v. Williams,* 171 S. C. 279, 172 S. E. 142 (1933).

"A life tenant is required to assess the land in his possession as such and upon his default in paying taxes only his interest in the land can be sold under execution against him. *Bolt v. Sullivan,* 173 S. C. 24, 174 S. E. 491 (1934)."

In *Bolt v. Sullivan,* 173 S. C. 24, 174 S. E. 491, 494, it is stated:

"The claim of title by defendant founded upon the tax deed must be denied.

"Defendant claims the protection of the statute of limitations because he and his predecessors in title have been in possession for more than the ten, twenty, or forty year periods prescribed by the statute, sometimes spoken of as the statute in aid of quieting title.

"The plea would be effective if aimed at the former owner of the fee. But it cannot avail against the remainder of the life tenancy unless it be shown that the life tenancy has expired at such period as to give currency to the statute against the claim of the remaindermen.

" 'The grantees of Mrs. Goodwin could not hold adversely against the remaindermen or the trustee for them until the termination of the life estate of Mrs. Goodwin.' *Breeden v. Moore,* 82 S. C. 534, 64 S. E. 604, 606.

" 'The law is well settled in this state that the statute of limitations does not commence to run against a remainderman until the death of the life tenant; and neither a conveyance by the life tenant purporting to be in fee, nor a proceeding in court to which the remainder-man is not a party, can affect the rights of the remainderman.' *Rice v. Bamberg,* 59 S. C. [498] 507, 38 S. E. 209, 212, citing in support: *Bell v. Talbird,* Rich. Eq. Cas. 361; *Joyce v. Gunnells,* 2 Rich. Eq. 259; *Bannister v. Bull,* 16 S. C. 220; *Covar v. Cantelou,* 25 S. E. 35; *Moseley v. Hankinson,* 25 S. C. 519; *Rawls v. Johns,* 54 S. C. 394, 32 S. E. 451."

After full consideration of the matters set forth in the pleadings and in the agreed statement of facts, it is adjudged that Ada R. Stamper, plaintiff, and the

defendants, Angus E. McLaughlin, James F. McLaughlin, and Mrs. James F. (Frances McLaughlin) Hopkins, Jr., are the owners of the premises described in the complaint as tenants in common in the proportions as set forth in the complaint and are entitled to the possession thereof.

And it is so ordered.