Virginia Eve ROLLINS and Robert Lee Rollins, Jr., Plaintiffs,

v.

Annie Pearl S. MAY, Defendant.

Civ. A. No. 77–44.

United States District Court,
D. South Carolina,
Greenwood Division.

April 3, 1978.

Thomas H. Pope, Thomas H. Pope III, of Pope & Schumpert, Newberry, S. C., for plaintiffs.

Judson F. Ayers, Jr., of Watson & Ayers, Greenwood, S. C., for defendant.

## ORDER

HEMPHILL, District Judge.

This matter came before this Court for jury trial in Greenville, South Carolina, on March 20, 1978 and March 21, 1978. All of the testimony and evidence have been considered, and the plaintiffs' motion for directed verdict in the amount of Three Hundred Sixty-three Thousand Nine Hundred

and no/100 ($363,900.00) Dollars is hereby granted.

There is no dispute as to the facts constituting liability on the part of this defendant to the plaintiffs or as to the amount of damages under the measure of damages which this Court finds to be appropriate. The parties prior to trial entered into extensive stipulations of the uncontested facts, which stipulations were five pages in length and which were admitted into evidence as plaintiffs' Exhibit 34.

To summarize from these stipulations, the defendant Annie Pearl S. May, has been Trustee under the Will of A. C. Stockman at all times from her appointment on February 18, 1938, to the present time. She is sued by the plaintiffs, who are brother and sister and the children of Henrietta Rollins, now deceased, who was the granddaughter of A. C. Stockman. A. C. Stockman, who died on September 13, 1924, left a Will, item eight of which provided:

"All of my real estate of whatsoever kind and wheresoever situate, I will, devise and bequeath unto B. A. Hunter, H. J. Stockman, I. B. Stockman and J. P. Stockman, to have and to hold the same in trust for the following purposes and uses, to wit: . . .

(b) One-fourth of the said real estate shall be set off in kind for the use of H. J. Stockman for and during the term of his natural life, and he shall be allowed to handle, manage, and control the same during his lifetime, collecting the rents and profits therefrom, and paying the taxes and assessments against the same from the rents and profits.

After his death, the said Trustees, or their successors, shall divide the property set off to H. J. Stockman in kind among his children, and the said children shall have the use of the part so set off to each of them for and during the terms of their respective lives, and after the death of such children, or either of them, the parts set off to such child or children shall vest in fee simple in his or her child or children."

Item 12 of the Will of A. C. Stockman provides that the Trustees may, if they deem it advisable, convey any of A. C. Stockman's real estate, in fee simple, "for the purposes only of reinvesting the proceeds of such sale in other real estate" under the terms of the Will.

Item 14 of the Stockman Will provides that on the death of any Trustee, or failure or refusal of any Trustee to act, the child or children of such Trustee may appoint a successor for him. This item further provides that upon failure to exercise the right to appoint said successor Trustee, the Probate Court may make such appointment on the petition of any interested party.

On April 23, 1926, the then Trustees under the Will of A. C. Stockman set off and conveyed to H. J. Stockman one-fourth of the real estate of which A. C. Stockman died seized and possessed.

H. J. Stockman is the grandfather of the plaintiffs herein. He died on April 1, 1927, and was survived by five children: Mary Sue S. Williams, Ernest W. Stockman, Ruth S. Walker, Annie Pearl S. May (the defendant herein), and Henrietta S. Rollins. Ernest W. Stockman was appointed by the children of H. J. Stockman to succeed his father as Trustee, and Ernest Stockman served as Trustee from August 21, 1937, until his death on February 1, 1938.

The defendant Annie Pearl S. May was appointed by her sisters as the successor Trustee to Ernest W. Stockman, her brother, on February 18, 1938. The defendant Annie Pearl S. May has served as Trustee from February 18, 1938, to the present time.

Following the death of H. J. Stockman, the then Trustees divided the property set off to H. J. Stockman under the Will of A. C. Stockman among his above-named five children, but made no deed or instrument in writing showing such division, although each of the children of H. J. Stockman went into possession of the lands set off to them and collected the rents and profits therefrom.

Following the death of Ernest W. Stockman, the then Trustees under the Will of A. C. Stockman—namely, I. B. Stockman, J. P. Stockman, Mary E. Hunter, and the defendant Annie Pearl S. May—instituted an action in the Court of Common Pleas for Greenwood County against the four surviving daughters of H. J. Stockman, who were Mary Sue S. Williams, Ruth S. Walker, the defendant Annie Pearl S. May, and Henrietta S. Rollins, and against the minor children of Ernest W. Stockman, who were Evelyn Stockman, Charles Stockman and Henry Stockman. This suit brought by these Trustees sought confirmation of the division in kind of the property set off to H. J. Stockman among his five children.

The Honorable C. C. Featherstone, Resident Circuit Judge, took testimony and passed a Decree dated April 4, 1938, confirming the division of the Trustees, and setting off to Henrietta Rollins, as second life tenant under the Will of A. C. Stockman, five tracts of lands, referred to as (a) the Boazman tract (338.41 acres), (b) the Gage Street tract, (c) the Plowden Street tract, (d) the Greene Street tract, and (e) the Andrews Lane tract.

In his Order, Judge Featherstone confirmed the appointment of the defendant Annie Pearl S. May as successor Trustee to Ernest W. Stockman and H. J. Stockman, both deceased, under the Will of A. C. Stockman. Judge Featherstone authorized and directed the Trustees under the Will of A. C. Stockman to execute such deeds or instruments in writing to the defendants in that action, as would carry out the terms of the Will of A. C. Stockman.

The defendant Annie Pearl S. May (along with the other then Trustees Mary E. Hunter, I. B. Stockman, and J. P. Stockman) did execute and deliver to the minor children of Ernest W. Stockman, deceased, who were Evelyn Stockman, Charles Stockman, and Henry Stockman, two deeds of conveyance to the lands set aside to them in fee simple under the Will of A. C. Stockman, deceased. Such deeds were dated October 22, 1938 (Exhibit 11) and November 29, 1938.

No deed of conveyance to the land set aside to Henrietta S. Rollins, for herself and her children, under the Will of A. C. Stockman, was ever executed by the then Trustees, including the defendant Annie Pearl S. May. Nor was any deed of conveyance made to the other children of H. J. Stockman for many years.

Pursuant to the terms of the A. C. Stockman Will, the lands set aside to Henrietta S. Rollins were to vest in fee simple in the plaintiffs, her children, as of the time of her death.

From 1938 to 1942, the then Trustees, including the defendant May, executed three deeds of property which was supposed to be set aside to Henrietta Rollins for her life, and then to the plaintiffs, under the Decree of Judge Featherstone. The properties sold were the East Plowden Street tract (1938), the Boazman tract (1939), and the Greene Street lots (1942). In 1938, the plaintiff Eve Rollins was only eight years old, and the plaintiff Robert L. Rollins, Jr., had just been born.

These three conveyances were made by the defendant and the other then Trustees for cash considerations, and on none of these conveyances were the proceeds reinvested for the benefit of Henrietta Rollins or the plaintiffs.

After the present lawsuit was filed, the defendant and the other present Trustees voluntarily conveyed to the plaintiffs the final tract of real property which was supposed to be set aside for Henrietta Rollins. The deed of this Gage Street property was executed on April 19, 1977.

Henrietta Rollins died on January 26, 1975, survived by the two plaintiffs as her only children. At her death all of the property had been sold except the Gage Street property.

All of the other children and grandchildren of H. J. Stockman were treated in strict accordance with the terms of the Will of A. C. Stockman and with the terms of the 1938 Decree. The defendant and the other then Trustees reinvested the proceeds from the sale of properties set aside for

every one of the heirs of H. J. Stockman except Henrietta Rollins. The defendant has disregarded and breached her fiduciary duty to the plaintiffs, and she has admitted this. When she sold the aforementioned properties which were supposed to have been set aside for Henrietta Rollins, she never reinvested the proceeds in other real estate, in violation of the express provisions of the Will. She admitted that she knew that the Will required her to so reinvest for the benefit of Henrietta and her children. She further admitted that she was aware that the plaintiffs would have a vested interest in the trust property after their mother's death. Her conduct is legally inexcusable.

■ It is the law in South Carolina that a trustee, in the management of a trust, must exercise reasonable care, prudence and diligence, and if he departs from the express provisions of the trust instrument, he does so at his peril, and not even good faith nor the exercise of his best judgment will absolve him from liability. *Rodgers v. Herron,* 226 S.C. 317, 85 S.E.2d 104 (1955). A trustee who violates an express provision of a trust, as the defendant Mrs. May did in the instant case, is absolutely liable for any resulting loss. There is no inquiry into good faith. *Klugh v. Seminole Securities Company,* 103 S.C. 120, 87 S.E. 644 (1916); *Crayton v. Fowler,* 140 S.C. 517, 139 S.E. 161 (1927); *Rodgers v. Herron supra.* It has been stated that where the trustee is provided with a trust instrument he is provided with a chart from which he is not allowed to depart unless forced to by a necessity which he cannot resist. *Womack v. Austin,* 1 S.C. 421, 438 (1869).

■ Under the holding of *Neel v. Clark,* 193 S.C. 412, 8 S.E.2d 740 (1940), a trustee is held to great strictness in his dealings with property in his hands and where a trustee wastes or misappropriates the property, he is personally liable for the loss or damage which is caused. See also *Winn v. Harby,* 159 S.C. 257, 156 S.E. 767 (1931).

■ The defendant's failure to protect the remainder interest of the plaintiffs is actionable, as a trustee is under a duty to the successive beneficiaries under a trust to act with regard to their respective interests. *Restatement of the Law of Trusts 2d* § 232.

■ In summary, the defendant's liability for breach of the express trust provisions is clear. The evidence creates no issue of fact for the jury to decide. Under *Wratchford v. S. J. Grove and Sons Company,* 405 F.2d 1061 (4th Cir. 1969), a case is to be submitted to the jury if the evidence is equally susceptible of either of two inferences, one of which supports liability and the other not. In the present case, the facts showing liability are undisputed. There is no contrary evidence or inference, and it is therefore "the duty of the Court to withdraw the case from the jury," *Bryan v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 565 F.2d 276, (4th Cir. 1977). The plaintiff's motion for directed verdict must be granted.

The defendant has raised several defenses which this Court rejects as matters of law.

*The Rule Against Perpetuities*

■ The defense that the Will of A. C. Stockman violates the Rule against Perpetuities is not properly before this Court for several reasons. First, the defendant and the other then Trustees brought an action in the Court of Common Pleas for Greenwood County in 1938 to confirm the division of the property set off to .H. J. Stockman. The defendants in that suit were the four living children of H. J. Stockman, including the defendant Annie Pearl May and Henrietta Rollins. All of the children of H. J. Stockman and all of the trustees were parties to that action. The Rule against Perpetuities was not raised by any party to that suit. Thus the defendant Annie Pearl May is estopped by judgment to litigate the question of the Rule against Perpetuities now.

The Supreme Court of South Carolina stated in *Mackey v. Frazier,* 234 S.C. 81, 106 S.E.2d 895 at p. 899 (1959):

In order to make out a defense of res judicata, the following elements must be shown: (1) The parties must be the same

or their privies; (2) The subject matter must be the same; and (3) While generally the precise point must be ruled, yet where the parties are the same or are in privity, the judgment is an absolute bar not only of what was decided but what might have been decided. *Antrum v. Hartsville Prod. Credit Ass'n,* 228 S.C. 201, 89 S.E.2d 376; *Melton v. Melton,* 229 S.C. 85, 91 S.E.2d 873.

As Judge Russell stated in *Morris v. Gressette,* 425 F.Supp. 331, at p. 334 (D.C.1976): There is no dispute with the proposition that, contrary to the earlier view based on a mechanical application of the principle of mutuality, the modern rule is that a valid judgment in a prior suit, involving the same issues may, by way of collateral estoppel be asserted in a subsequent action by a stranger to the first suit against one who was a party or, in privity with a party, in that earlier action. And this is the rule of our Circuit, as stated in a number of decisions. . . .

There certainly was privity between Mrs. Henrietta S. Rollins and her children, the present plaintiffs, and the defendant is estopped by judgment to contend at this late date that the Rule against Perpetuities applies. She never raised the issue in the 1938 action. Judge Featherstone held that the rule did not apply when he found that the children of H. J. Stockman took life estates, with fee simple in remainder to their children.

Secondly, Judge Featherstone's 1938 ruling is the law of this case and *res judicata* between the parties thereto or those in privity with them. His order cannot be collaterally attacked, *Greenwood County v. Watkins,* 196 S.C. 51, 12 S.E.2d 545 (1940), unless procured by fraud or collusion, *Piedmont Press Association v. Record Pub. Co.,* 156 S.C. 43, 152 S.E. 721 (1930), or when its defects and infirmities are apparent upon inspection, *Scott v. Newell,* 146 S.C. 385, 144 S.E. 82 (1928). The defendant cannot collaterally attack the judgment of the Court of Common Pleas which she sought forty years ago and which rejected the application of the Rule against Perpetuities.

Further, it is stipulated that on April 19, 1977, after this action was commenced, the defendant and the other present Trustees voluntarily conveyed to the plaintiffs the final remaining tract of real property which had been set aside to the plaintiffs' mother, Henrietta S. Rollins. The defendant is estopped from attacking the will in this action.

*Active or Passive Trust*

The Answer of the defendant asserts that the defendant had no duty to protect the rights of the plaintiffs, because the trust was a passive one. The trust is active, as the Will required the Trustees to set aside properties for each of the children of the testator for their lives, and after their deaths, the Trustees were required to divide the property in kind among the grandchildren of the testator. They were required to re-invest the proceeds of any sale of real estate in other real estate.

In *Johnson v. Thornton,* 264 S.C. 252, 214 S.E.2d 124, 127 (1975), the court stated: "For a trust to be active it is essential that the interposition of the trustee be necessary to carry out the valid purposes of the trust, the test being that, with respect to the control, protection, management, or disposition of the trust property, the trustee has imposed on him, expressly or by implication, some active and substantial duty to perform, or useful purpose to subserve. 90 C.J.S. Trusts § 177, p. 63. Since it would be impossible for the Trustee to perform the duties imposed upon her unless permitted to retain the legal title, equity will not permit it to be transferred to the beneficiaries under the Statute of Uses. *Black v. Harman,* 127 S.C. 359, 120 S.E. 705. It follows that it was error to invoke the Statute of Uses."

The Court went on to find the trust in that case to be an active one where it was apparent that the Trustee had the power and the duty to manage or sell the property. The Trustees under the Stockman Will had the powers to sell, to reinvest the proceeds in

the event of sale, and to deed the property upon the falling in of the life estates. It follows that this trust is an active one in the present case, and that the evidence unequivocally shows that the defendant breached her express duties under this active trust.

### Financial Need

The defendant asserts as a defense that the proceeds of the sales of ·the trust property were given to the life tenant Henrietta Rollins, because she allegedly was in dire financial need. Financial need is no defense to the defendant's breach of express trust provisions. As stated in the *Restatement of the Law of Trusts 2d* § 232, if a trust is created for beneficiaries in succession, the trustee is under a duty to the successive beneficiaries to act with regard to their respective interests. A trustee under an express trust, as distinguished from a discretionary trust, has an absolute duty to make payment or delivery to the proper person or persons. *Rodgers v. Herron,* 226 S.C. 317, 85 S.E.2d 104 (1954).

It is the duty of the trustee to make payment or delivery of the trust property to the person(s) entitled to receive it, and his liability for a loss because of his failure to do so is absolute. *Alderman v. Cooper,* 257 S.C. 304, 185 S.E.2d 809, 813 (1971).

### Good Faith by Trustee

The defendant also asserts that she acted in good faith in selling the trust property and failing to reinvest the proceeds in other real estate. As stated previously, the law in South Carolina is crystal-clear that if a trustee departs from the express provisions of the trust instrument, he does so at his own peril, and not even good faith nor the exercise of his best judgment will absolve him from liability. *Rodgers v. Herron,* 226 S.C. 317, 85 S.E.2d 104 (1955). Under *Rodgers* and *Alderman v. Cooper,* 257 S.C. 304, 185 S.E.2d 809 (1971), the trustee who deviates from an express trust is absolutely liable. Good faith counts for nothing.

In the present case the trust set forth that the trustees could convey any real estate "for the purpose only of re-investing the proceeds of such sale in other real estate. . . ." Item twelve of the Will of A. C. Stockman. The defendant sold three separate parcels of land in which the plaintiffs had a remainder interest and failed to reinvest these proceeds in other real estate. She is absolutely liable.

Defendant's claim that she had to sell the property to avoid its loss for taxes is not available as a defense. Under South Carolina law real estate taxes are assessed against a life tenant's interest only and not the interest of the remaindermen. See Section 12–37–610 of the *1976 Code of Laws of South Carolina* and those cases construing this code section, particularly *Taylor v. Strauss,* 95 S.C. 295, 78 S.E. 883 (1913) and *Stamper v. Avant,* 233 S.C. 359, 104 S.E.2d 565 (1958).

### Statute of Limitations

This action is not barred by the statute of limitations. The defendant's contention to the contrary is incorrect. The plaintiffs are remaindermen under the Stockman Will. It is the established law in South Carolina that the statute of limitations does not begin to run against a remainderman until the death of the life tenant. *Bolt v. Sullivan,* 173 S.C. 24, 174 S.E. 491 (1934); *Crotwell v. Whitney,* 229 S.C. 213, 92 S.E.2d 473 (1956); *King v. Richardson,* 136 F.2d 849, 861 (4th Cir. 1943); *Stamper v. Avant,* 233 S.C. 359, 104 S.E.2d 565 (1958). In *Stamper,* the Supreme Court held that, even though the property subject to a life estate was sold for unpaid taxes in 1917, the statute of limitations did not begin to run against the remainderman until 1951, the date when the life tenant died.

In the instant case, the life tenant, Mrs. Henrietta Rollins, died on January 26, 1975, and it was on this date that the statute of limitations commenced to run. This suit was brought in 1976 and is therefore timely. It is not precluded by the statute of limitations. The plaintiffs could not

have brought suit until after their mother's death in 1975.

*Laches*

 Laches is not available as a defense to the defendant for the same reasons stated above. Laches does not begin to run against a remainderman until the death of the life tenant. It was pointed out by the United States Court of Appeals for the Fourth Circuit in *King v. Richardson*, 136 F.2d 849, 861 (1943), that a remainderman actually has no standing to sue a trustee until the death of the life tenant "and the objection of laches or acquiescence will not lie for their failure to assert rights which have not yet accrued." *Id.* at p. 861, citing *Pritchard v. Williams*, 175 N.C. 319, 95 S.E. 570 (1918). It is not until the time of this death that a cause of action even arises in the remainderman's favor.

The plaintiffs in the present action, having lived almost all of their lives away from Greenwood, clearly have not slumbered on their rights, which arose only in January 1975.

The measure of damages in this case must be determined in light of the intention of the testator A. C. Stockman. His Will contained the most unusual provision that the Trustees had the power to sell real estate set aside to the beneficiaries, but only to reinvest the proceeds in other real estate. This evinces a clear intention by the testator that the beneficiaries enjoy real property. Because of this, the plaintiffs are entitled to real estate which would have a value comparable to what the four parcels[1] set aside for their mother in 1938 would have had today.

The *Restatement of Trusts 2d* § 208 provides:

"(1) If the trustee sells trust property which it is his duty to retain, the beneficiary can

(a) charge him with its value at the time of such sale, with interest thereon; or

(b) charge him with its value at the time of the decree, with the income which would have accrued thereon if he had not sold it, or require him to make specific reparation if this is reasonable under the circumstances; or

(c) require him to account for the proceeds of the sale.

(2) If the trustee sells trust property which it is his duty to retain, the beneficiary can enforce an equitable lien upon the proceeds of the sale as security for his claim under the rules stated in Clauses (a) and (b)."

As stated by Professor Scott in III Scott, *The Law of Trusts* § 208.3, at p. 1686:

"Where the trustee sells trust property which it is his duty to retain, the beneficiaries are not limited to a recovery of the value of the property at the time of sale; if the property has subsequently appreciated in value . . . the beneficiaries are entitled to its present value together with . . . income [they would have received], since they are entitled to be put in the same position in which they would have been if the trustee had not committed a breach of trust but had retained the property as it was his duty to do."

 Thus the fundamental measure of damages for the plaintiffs in the instant case is that they are entitled to be put in the position in which they would have been if the breach of trust had not been committed. Since the Trustee had an obligation under the Will to reinvest the proceeds from any real estate sale in other real estate, and failed to do this, the plaintiffs as beneficiaries are entitled to be made whole and to have the present day value of the trust property which was sold. The only evidence as to the present value of the real estate which the defendant wrongfully sold was as follows:

(a) Boazman tract (333 acres)

| | |
|---|---|
| Land | 99,900 |
| Pine timber | 225,000 |
| Pine pulpwood | 10,000 |

[1] This excludes the Gage Street tract, the only piece of property remaining in 1975 which was unsold, as it has already been deeded in 1977 to the plaintiffs.

| | |
|---|---|
| Hardwood timber | 20,000 |
| Hardwood pulpwood | 1,500 |
| (b) E. Plowden Street property | 6,500 |
| (c) Green Street property | 1,000 |
| TOTAL DAMAGES | $363,900 |

The defendant has urged that this Court adopt a measure of damages which entitled the plaintiffs only to recover the proceeds from the wrongful sales, together with interest from the dates of the sales. This is not the measure of damages, as it does not square with the intention of the testator, nor with the *Restatement of the Law of Trusts* § 208(1)(b).

In *Estate of Rothko,* 84 Misc.2d 830, 379 N.Y.S.2d 923, 967 (1975), the Court said:

"It seems proper to charge [the fiduciary] with the value at the time of the decree, since if it had not been for the breach of the trust the property would still have been a part of the trust estate."

In the instant case, but for the defendant's breach of the explicit terms of the trust, the plaintiffs would still have the trust property set aside for their mother and them, or property of equal value.

At the close of all of the testimony, the plaintiffs withdrew their demand for punitive damages. It is the finding of this Court that the plaintiffs are entitled to judgment in the amount of Three Hundred Sixty-three Thousand Nine Hundred and no/100 ($363,900.00) Dollars actual damages.

THEREFORE, IT IS ORDERED that the plaintiffs' motion for directed verdict is granted, and the Clerk of Court is ordered to enter judgment for the plaintiffs herein in the amount of Three Hundred Sixty-three Thousand Nine Hundred and no/100 ($363,900.00) Dollars, plus the costs of this action.

AND IT IS SO ORDERED.